OHIO POWER COMPANY, APPELLANT,
*v.* BAUER ET AL., APPELLEES.

(No. CA-382—Decided
September 6, 1989.)

*Kincaid, Cultice & Geyer* and
*Catherine A. Cunningham,* for appellant.

*Walter J. Howdyshell Co., L.P.A.,*
and *Walter J. Howdyshell,* for appellees.

MILLIGAN, J. On November 14, 1951, appellees granted an easement to the Ohio Power Company, appellant, "to construct, erect, operate and maintain a line of towers and wires for the purpose of transmitting electric or other power, in, on, along, over, through or across" their farm property.

Towers were constructed and three 345-kilovolt wires were hung across the property. This "Central Muskingum Line" carries approximately 950,000 kilowatts of power and serves approximately 150,000 customers in western and central Ohio.

The conflict between the parties has boiled intermittently since 1975 when the power company ran a second circuit of three 345-kilovolt wires upon the previously constructed towers.

The record is peppered with instances of confrontation and denial of access by Wayne W. Bauer, appellee, including threats, obscenities, and repeated orders to stay off his property. Damage settlements, pursuant to the easement, were executed over the past fourteen years.

Appellee, in his own words, acknowledged that he has asked the power company to leave his property numerous times:

"I have a standard answer. They've been here so many times. Pay your damage and you can go. Bring your check. * * * We should settle old problems, the old damages, then talk about new ones. I never objected to them crossing the farm — don't yet — if they get their damages paid."

Ohio Power Company ("Ohio Power") invoked the equitable jurisdiction of the Perry County Court of Common Pleas, seeking both a preliminary and permanent injunction to enjoin defendants (appellees) from interfering with its use and enjoyment of the easement and access.

On February 3, 1988, the trial court found that the defendants "have interfered with the rights granted the plaintiff by said easement," and "[t]hat said refusal of the defendants

to grant access to said property by plaintiff during this litigation may produce or cause irreparable injury to plaintiff and, in consequence, a temporary injunction should be granted."

Defendants were ordered to refrain from denying access to Ohio Power and the power company was specifically granted access to the premises of defendants "at a point designated by the defendants"; further, Ohio Power was ordered to "traverse the premises of the defendants as closely adjacent to said line as is feasible."

On July 29, 1988, following a hearing, the court found Wayne W. Bauer in contempt of the restraining order and imposed a ten-day jail sentence, suspended on condition of permitting access.

At a hearing on October 17, 1988, Wayne W. Bauer, in open court, volunteered to allow access to his property at designated points and to install necessary gates. The court ordered that Ohio Power install "the necessary culverts, said size to be mutually agreed upon."

On March 27, 1989, the Perry County Court of Common Pleas issued a permanent injunction against defendants and their agents, restraining them from denying access to Ohio Power in the exercise of its rights of patrolling and maintaining the power lines.

The court further fixed the access determination mechanism and the mutual responsibilities of the parties relative to points of access:

"It is further ORDERED that Plaintiff [Ohio Power] shall gain access to the premises of the Defendants at a point designated by the Defendants and shall traverse the premises of the Defendants as closely adjacent to said transmission line as is feasible.

"It is further ORDERED that Defendants shall install all gates needed for Plaintiff to gain access to the real estate referred to herein and traverse the premises of the Defendants as closely adjacent to the transmission line as possible; that Plaintiff shall install all necessary culverts at a size mutually agreed upon by the parties; and that in the event of any damage done to the fences, drains, ditches, crops, stock or trees of the Defendants, said damages shall forthwith be compensated.

"It is further ORDERED that Defendants, Wayne W. Bauer and Helen H. Bauer, pay the costs of this action."

From this judgment Ohio Power appeals assigning a single error:

### Assignment of Error

"The trial court erred in imposing upon plaintiff-appellant restrictions and conditions upon its beneficial use and enjoyment of an unambiguous express easement when the restrictions and conditions imposed by the trial court are not contained in the express terms of the unambiguous easement and limit the rights expressly granted to plaintiff-appellant in the easement."

The power company's claim is that the judgment, imposing restrictions upon access to the one-hundred-foot right-of-way underlying the power lines and poles, is contrary to law. It argues:

"The plaintiff-appellant is entitled, under the terms of the easement, at *its* discretion, to use any of the lands of defendants-appellees to gain access to the towers and power lines located on defendants-appellees' lands and to maintain its easement as it desires and the defendants-appellees may not restrict or limit that right in any way." (Emphasis added.)

The access provisions of the 1951 easement provide, *inter alia:*

"TOGETHER with the right to said party of the second part [Ohio Power Co.], its successors and assigns, to place, erect, maintain, inspect, add

to the number of, and relocate at will, towers, crossarms, or fixtures, and string wires and cables, adding thereto from time to time, across, through or over the above described premises, to cut and, at its option, remove from said premises or the premises of the parties of the first part adjoining the same on either side, any trees, overhanging branches or other obstructions which may endanger the safety or interfere with the use of said towers or fixtures or wires attached thereto or any structure on said premises, and the right of ingress and egress to and over said above described primeses [*sic*], and any of the adjoining lands of the parties of the first part, at any and all times, for the purpose of patrolling the line, of repairing, renewing or adding to the number of said towers, structures, fixtures and wires, and for doing anything necessary or useful or convenient for the enjoyment of the easement herein granted; also the privilege of removing at any time any or all of said improvements erected upon, over, or on said land, together with the rights, easements, privileges and appurtenances in or to said lands which may be required for the full enjoyment of the rights herein granted; provided however, the said THE OHIO POWER COMPANY, its successors or assigns, shall further pay to us or our heirs or assigns the sum of Fifty Dollars ($50.00) for each tower erected on said lands, hereinbefore described, from time to time, whenever and as soon as any towers are erected thereon. Grantee will immediately repair or replace all fences, gates, drains and ditches damaged or destroyed by it on said premises or pay Grantor all damages done to the fences, drains, ditches, crops and stock on the premises herein described, caused by the construction, operation and maintenance of said lines. It is understood and agreed between the parties hereto that no building or structure shall be placed by the grantors herein, their heirs, successors, lessees, or assigns, under or within fifty (50) feet (measured horizontally) of any tower or wire to be constructed over said premises. All claims for damages caused in the operation and maintenance of said lines, shall be made at the office of the Grantee at 21 South First Street, Newark, Ohio, or mailed to P.O. Box 911, Newark, Ohio, within thirty days after such damages accrue. If Grantor and Grantee cannot agree on the amount of damages, the same shall be arbitrated. Any trees cut will be paid for by Board Measure, using Scribner's Lumber Rules, at the market price in vicinity, and this indenture contains all agreements, expressed or implied, between the parties hereto."

Appellant Ohio Power does not argue that the trial court abused its discretion in imposing mutually restrictive provisions as to access upon *both* parties. It claims the court had no discretion.

We disagree. Appellant, as plaintiff, invoked the equitable jurisdiction of the common pleas court by filing its injunction complaint. The trial court exercised its equitable jurisdiction in issuing the temporary injunction and in finding defendant Wayne W. Bauer guilty of contempt for violation thereof. The trial court did not act contrary to law when it imposed equitable restrictions on both parties as a condition of granting the relief prayed for by the appellant.

In effect, appellant argues that the cosmic language of the easement gives the power company unilateral authority to appropriate specific portions of the property, at its whim, for the uses anticipated in the easement, paying damages by agreement or as ultimately arbitrated.

We believe that if so interpreted, the access provisions of the lease are so broad as to be unenforceable for

vagueness, facially demonstrating a lack of mutual understanding at the time of execution of the easement agreement. Such a conclusion is in the best interest of neither party thereto.

As in most easement agreements, both parties have legitimate interests in the enjoyment of the rights reserved to each. It is an ongoing relationship. As Ohio Power acknowledges by its claim that it has no adequate remedy at law (and is therefore entitled to equitable relief), conflict and the mutual enjoyment of reserved rights is a legitimate foundation for the exercise of continuing equity jurisdiction. That is precisely what the trial court set in motion from the inception of the temporary restraining order.

We conclude that where the grant of access for maintenance and control of power lines and towers is indefinite, global, and allows access over the entire dominant property, an equity court has jurisdiction to monitor the competing interests. In the exercise of this jurisdiction, the court is to use discretion, and may only be reversed upon a showing of abuse of discretion.

Upon an examination of the transcript, and in the knowledge that the trial court personally viewed the entire premises, we find no abuse of discretion in the judgment of the Perry County Court of Common Pleas.

None of the cases cited by appellant compels the conclusion that the court erred as a matter of law, and all support the proposition that the easement grants such rights as are necessary to the reasonable enjoyment thereof, leaving to the owner of the fee the right to use the property in any manner not inconsistent with the reasonable use of the easement. See *Rueckel* v. *Texas Eastern Transm.* *Corp.* (1981), 3 Ohio App. 3d 153, 3 OBR 172, 444 N.E. 2d 77.

The trial court did not err in concluding that this is not one of those legal documents containing such clarity that the intention of the parties is apparent from its four corners, thus allowing no judicially imposed conditions. See *Hinman* v. *Barnes* (1946), 146 Ohio St. 497, 32 O.O. 564, 66 N.E. 2d 911.

We find additional comfort in *Alban* v. *R.K. Co.* (1968), 15 Ohio St. 2d 229, 44 O.O. 2d 198, 239 N.E. 2d 22, where plaintiffs had an easement on and over a parcel of land. The easement was described in metes and bounds as being three hundred five feet long and eighty feet wide. Plaintiffs claimed that because their easement was undefined as to a specific location on the land, they were entitled to prohibit the defendant fee owner from making any improvements on or alterations in the land. The court held:

"Plaintiffs here failed to allege that they are denied a convenient way and merely seek to enforce their easement to prevent any use by defendant of any part of the described property. They do not have such a right. Plaintiffs have the right to a convenient way across the land of defendant, and no more. Such a result will avoid a construction of the grant of a right of way on and over this parcel of land that would unduly restrict its use. * * *" *Id.* at 233, 44 O.O. 2d at 201, 239 N.E. 2d at 24-25.

We overrule the single assignment of error and affirm the judgment of the Perry County Court of Common Pleas.

*Judgment affirmed.*

HOFFMAN and SMART, JJ., concur.