This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the Salvation Army, has appealed from the order of the Lorain County Court of Common Pleas that granted an injunction against Appellees, Gregory and Nancy Laubert, prohibiting them from interfering with Appellant's use of an easement across Appellee's property, but placing certain restrictions upon Appellant's use of the easement in question. We reverse.
On October 25, 1996, Appellant filed a complaint against Appellees seeking a permanent injunction prohibiting Appellees from interfering with Appellant's ingress and egress over an easement they allege to have across a ten-foot wide strip on Appellees' property. On December 4, 1996, Appellee answered the complaint and filed a counterclaim. On February 21, 1997, Appellant filed an amended complaint that clarified the chain of title to the properties in question. On March 21, 1997, Appellees answered the amended complaint and again filed a counterclaim. On April 22, 1998, a hearing was held on the matter. On April 21, 1999, following an unsuccessful attempt by the parties to resolve the matter, the trial court issued an order that determined the easement was valid and was to remain in effect. However, the trial court permitted Appellees to park their vehicles on the easement between the hours of six o'clock p.m. and six o'clock a.m. and ordered Appellant to provide parking for Appellees' vehicles on Appellant's property between the hours of six o'clock a.m. and six o'clock p.m. The court further ordered that the parties are to cooperate to maintain the peace and dignity of the neighborhood. Appellant timely appealed and has raised two assignments of error for review.[1] We will address them concurrently for ease of review.
 ASSIGNMENT OF ERROR I The trial court abused its discretion in imposing conditions not found in the easement and in ordering [Appellant] to provide parking for [Appellees].
 ASSIGNMENT OF ERROR II The trial court erred as a matter of law in permitting [Appellees] to park their vehicle in the easement.
In its two assignments of error, Appellant has argued that the trial court erred by imposing conditions upon the easement that were not agreed upon in the deed. We agree.
We review the trial court's interpretation of the easement agreement denovo. Fitzgerald v. Keller (June 12, 1996), Lorain App. No. 95CA006107, unreported, at 5, citing Murray v. Lyon (1994), 95 Ohio App.3d 215, 219. Once we have determined whether an easement has been properly interpreted, we review a grant of injunctive relief under an abuse of discretion standard. Fitzgerald, supra citing Garono v. State (1988),37 Ohio St.3d 171, 173. "The term "abuse of discretion" connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State ex rel. Duncan v.Chippewa Township Trustees (1995) 73 Ohio St.3d 728, 730, citing State exrel. Edwards v. Toledo City School Dist. Bd. of Edn. (1995),72 Ohio St.3d 106, 107.
 A. Interpretation of the Easement
The primary objective in construing an easement is to ascertain the intentions of the parties. O Jur 3d, Easements and Licenses § 25. If the intentions are clear and unambiguous, the court shall not resort to the rules of construction. Id. Upon review of this case, the grant of the easement in question is clear and unambiguous.
Prior to April 19, 1921, Henry W. Andress ("Andress") owned the parcels of real estate currently owned by both Appellant and Appellees. On that date, Andress conveyed to Charles and Idella Kiser the property currently owned by Appellees. In this deed, Andress reserved an easement over Appellees' property stating in the deed:
 Reserving, however, for the use of the Grantor and his heirs and assigns, the right of ingress and egress over and across a strip of land ten feet wide off the east side of the abov[e] * * * described premises, running north and south the entire length of the lot. Said strip of land to be used for the purpose of a driveway, and Grantor shall improve and repair the same at his [o]wn expense.
The easement in question is not explicitly mentioned in each of the subsequent deeds in the chain of title that conveyed the servient and dominant estates to the Appellees and Appellant, respectively. However, each deed does indicate that the land is free of encumbrances except any easements that may exist. Additionally, evidence was presented that the easement was included in the title report contained in Appellees' title guarantee that they received when they purchased the servient property. From the description given in the original grant, it is clear that the creation of the easement, as well as the location and purpose of the easement, are set forth in the original deed.
Where a document contains such clarity that the detailed intention is clear from the four corners of the document, the trial court may not properly impose judicial conditions upon the parties. See Grosjean v.Rehm (Aug. 21, 1991), Wayne App. Nos. 2611, 2613, unreported, at 8. Upon review of the original easement, it is apparent that the parties intended to create an easement for ingress and egress to be used as a driveway over a ten-foot wide stretch of land that ran the length of Appellees' property on the east side of said property. Appellant sought to use this easement for exactly the purpose set forth in the original easement, as a driveway to access its property. Therefore, because the intention was clear and the use sought by Appellant matched that intended by the original parties, the trial court erred by imposing judicial conditions upon Appellant not stated in the easement grant. Accordingly, this Court reverses the trial court's judgment and hereby enters judgment that the easement is valid and not subject to any restrictions except those specifically enumerated in the easement grant.
 B. Granting of an Injunction
Once it is determined that an easement is valid, this Court must determine whether an injunction was properly granted. "An easement grants such rights as are necessary to the reasonable enjoyment thereof, leaving to the owner of the fee the right to use the property in any manner not inconsistent with the reasonable use of the easement." Ohio Power Companyv. Bauer (1989), 60 Ohio App.3d 57, paragraph two of the syllabus. Appellant alleged that Appellees were prohibiting ingress and egress across the easement by parking various vehicles in the easement, by verbally and physically threatening agents of Appellant, and by lying down across the easement with their bodies to prohibit entry. This Court has previously determined that the easement is valid. Therefore, blocking the ingress and egress by Appellant and its agents over the easement through any of the above-mentioned means does interfere with the easement rights lawfully possessed by Appellant. Accordingly, any action by Appellees to interfere with Appellant's use of the easement is properly enjoined. Appellant's request for an injunction is granted and Appellees are enjoined from interfering with any rights Appellant has in the easement in question. Any interference with Appellant's use of the easement is punishable by contempt proceedings.
Appellant's assignments of error are sustained, judgment of the trial court is reversed, and judgment is entered accordingly.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
 ___________________________ LYNN C. SLABY
BATCHELDER, P. J., WHITMORE, J., CONCUR
[1] Appellees have not appealed the trial court's ruling on their counterclaim. Thus, this Court will not address the denial of Appellees' claims except to the extent that it is necessary to address Appellant's assignments of error.