This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Kenneth I. Cleveland, appeals the decision of the Lorain County Court of Common Pleas. This Court affirms in part, reverses in part, and remands.
 I.
{¶ 2} In 1985, appellant sold appellee, Jack Clifford, 0.643 acres (the "Clifford premises") that appellant had subdivided from a 1.698 acre parcel of real estate he owned on Railroad Street in the Village of LaGrange. Appellant retained the remaining 1.055 acres (the "Cleveland premises"). As part of the sale, appellant granted to appellee a "drive easement" over a 43 x 50 foot area located at the front entrance of the Cleveland premises adjacent to the Clifford premises.
{¶ 3} At the time of sale, the Cleveland premises included a building leased by appellant to others for a machine shop and for storage purposes; and the Clifford premises included a building used for a sporting goods business. Appellee's intent, communicated to appellant, was to convert the sporting goods building into a restaurant, which he did shortly after taking possession. Over the years, restaurant patrons frequently parked in the easement, impeding access to appellant's tenants' businesses and to a large overhead service door located in the Cleveland building.
{¶ 4} Controversy arose over the issue of whether the "drive easement' was intended to permit parking. Appellant filed suit, contending that the easement did not permit parking. The trial court held that parking was permissible in the "drive easement." This Court reversed the trial court's decision, holding that the "drive easement" does not permit parking and remanded the case to the trial court for a determination of the existence of any abuse of the easement and the appropriate remedy. Cleveland v. Clifford (June 25, 1997), 9th Dist. No. 96CA006503 ("Cleveland I"). On remand, the trial court ordered a modification of the "drive easement" reducing it from a 43 x 50 foot area, to a 15 x 50 foot area.
{¶ 5} Appellant timely appealed, raising five assignments of error for review. Appellee cross-appealed, setting forth five assignments of error.
{¶ 6} This Court will first consider appellant's appeal. Appellant's assignments of error will be rearranged for purposes of our discussion.
 FIRST ASSIGNMENT OF ERROR
{¶ 7} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO EXTINGUISH THE EASEMENT IN ISSUE UNDER REMANDED COUNT II OF THE COMPLAINT, INASMUCH AS THE EVIDENCE IS UNCONTRADICTED THAT DEFENDANT HAS REGULARLY AND CONTINUOUSLY VIOLATED THE RULING OF THIS COURT OF APPEALS ENJOINING DEFENDANT FROM ALLOWING VEHICLES TO PARK WITHIN THE DRIVE EASEMENT AREA ON APPELLANT'S PROPERTY. THIS CONSTITUTES AN ABUSE OF EASEMENT RIGHTS ENTITLING APPELLANT TO EXTINGUISHMENT OF THE EASEMENT IN ISSUE."
 SECOND ASSIGNMENT OF ERROR
{¶ 8} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO EXTINGUISH THE EASEMENT WHEN THE MANIFEST WEIGHT OF THE EVIDENCE DICTATED THAT THE EASEMENT MUST BE EXTINGUISHED."
{¶ 9} In his first two assignments of error, appellant argues that the trial court erred in failing to extinguish the easement. This Court disagrees.
{¶ 10} An appellate court accepts a trial court's findings of fact if they are supported by competent, credible evidence. State v. Finney, 9th Dist. No. 21180, 2003-Ohio-529, at ¶ 6, citing State v.Guysinger (1993), 86 Ohio App.3d 592, 594. "`The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo.'" Id., quoting State v. Russell (1998), 127 Ohio App.3d 414, 416.
{¶ 11} "An easement may be terminated where the owner of an easement attempts to enlarge or abuse it." Hiener v. Kelley (July 23, 1999), 4th Dist. No. 98CA7, citing Siferd v. Stambor (1970),5 Ohio App.2d 79. "Whether an easement is extinguished through overburdening or misuse is an issue of fact." Hiener.
{¶ 12} In the case sub judice, the trial court did not find that the easement at issue was extinguished even though it found that appellee had not done all he could to prevent the misuse of the easement. This Court finds that there are several measures the appellee could implement to prevent the misuse of the easement. A review of the record, however, does not show that appellee has overburdened the easement or misused the easement to the point that it should be extinguished. Consequently, this Court finds that there is competent, credible evidence to support the trial court's finding that appellee did not extinguish the easement through overburdening or misuse. Accordingly, appellant's first and second assignments of error are overruled.
 FOURTH ASSIGNMENT OF ERROR
{¶ 13} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN REVISING THE TERMS AND PROVISIONS OF THE EASEMENT, BECAUSE THE TRIAL COURT IS WITHOUT JURISDICTION TO DO SO AND HAD NO POWER OR RIGHT TO ORDER A RECORDING OF THE REVISED EASEMENT WITH THE COUNTY RECORDER."
{¶ 14} In appellant's fourth assignment of error, he argues that the trial court committed error when it modified the terms and provisions of the easement. This Court agrees.
{¶ 15} When a party invokes the trial court's equitable jurisdiction, the trial court possesses discretionary authority to weigh the parties' competing interests and exact an equitable division of their property rights. Murray v. Lyon (1994), 95 Ohio App.3d 215, 221, citingOhio Power Co. v. Bauer (1989), 60 Ohio App.3d 57, 59-60. An appellate court will not reverse a determination rendered pursuant to the court's equity jurisdiction absent an abuse of discretion.
{¶ 16} "Where the dimensions of the easement are not expressed in the granting instrument, the court determines the dimensions from: (1) the language of the grant, (2) the circumstances surrounding the transaction, and (3) that which is reasonably necessary and convenient to serve the purpose for which the easement was granted." (Citations omitted.) Crane Hollow, Inc. v. Marathon Ashland Pipe Line, LLC (June 6, 2000), 138 Ohio App.3d 57, 67. However, "[a] court of equity abuses its discretion when it alters an established easement or requires a party to accept an altered easement in substitution of the original." Id. at 71, citing Munchmeyer v. Burfield (Mar. 26, 1996), 4th Dist. No. 95CA7.
{¶ 17} The trial court's entry stated, in pertinent part:
{¶ 18} "The Court hereby orders a modification of the easement in question to be as follows:
{¶ 19} "***
{¶ 20} "Beginning at a point in the Northwesterly sideline of Railroad Street North 47 degrees 32' 30" East, a distance of 1143.70 feet from the intersection of said Northwesterly sideline with the Easterly sideline of Center Street[.]"
{¶ 21} In the case sub judice, appellant invoked the trial court's equitable jurisdiction by seeking to have the easement extinguished. The easement at issue in this case, is a 43 x 50 foot easement appellant granted to appellee. The easement was created by a deed of conveyance. The easement's dimensions were clearly established by the deed of conveyance. Therefore, the easement was not subject to modification by the trial court.
{¶ 22} Consequently, this Court finds that the trial court abused its discretion when it modified the easement. Appellant's fourth assignment of error is sustained.
 THIRD ASSIGNMENT OF ERROR
{¶ 23} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR TO APPELLANT IN FAILING TO FOLLOW THE RULING OF THE COURT OF APPEALS WHICH HELD THAT THE LANGUAGE OF THE EASEMENT IN ISSUE IS UNAMBIGIOUS, AND EXPRESSED THE INTENT OF THE PARTIES, THE TRIAL COURT HAVING QUESTIONED THE MOTIVATION AND INTENT OF THE PARTIES IN EXPRESSING THE LANGUAGE OF THE EASEMENT AGREEMENT."
{¶ 24} In his third assignment of error, appellant argues that the trial court erred in questioning the motivation and intent of the parties at the time the easement was created.
{¶ 25} Based on this Court's disposition of appellant's fourth assignment of error, appellant's third assignment of error has been rendered moot. Therefore, we decline to address it. See App.R. 12(A)(1)(c).
 FIFTH ASSIGNMENT OF ERROR
{¶ 26} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN REFUSING TO FIND DEFENDANT IN CONTEMPT OF COURT."
{¶ 27} In his fifth assignment of error, appellant contends that the trial court erred by failing to find appellee in contempt of court. This Court disagrees.
{¶ 28} The trial court stated in its entry: "This Court also feels that even though the Defendant has not intentionally violated the easement he could probably have done more than he has." This is a factual finding.
{¶ 29} This Court notes that there are numerous things appellee could do in the future to prevent patrons of the restaurant from parking in the "drive easement." Appellee could post no parking signs with warning of possible tow along the easement. Appellee could paint "no parking" markings on the ground. Appellee could clearly designate parking spaces for the restaurant to discourage patrons from parking in the "drive easement." Both appellant and appellee agree that there are additional measures that could be taken to prevent further misuse or abuse of the easement.
{¶ 30} While this Court feels that appellant certainly can and must be required to implement measures to prevent misuse or abuse of the "drive easement," this Court finds nothing in the record to suggest that appellee intentionally violated the easement. Appellee testified that he had informed patrons of the restaurant not to park in the "drive easement." Appellee further testified that he personally does not park in the "drive easement." There is nothing in the record to suggest that appellee encouraged patrons of the restaurant to park in the "drive easement." There is no evidence that appellee has ever parked in the "drive easement." Therefore, there is competent, credible evidence to support the trial court's finding that appellee did not intentionally violate the easement. Appellant's fifth assignment of error is overruled.
{¶ 31} Now, we turn to appellee's cross appeal wherein he submits the following assignments of error:
 FIRST ASSIGNMENT OF ERROR
{¶ 32} "THE TRIAL COURT ERRED WHEN IT MODIFIED THE EXPRESS EASEMENT SINCE THERE CAN BE NO FORFEITURE OF AN EXPRESS EASEMENT WHICH IS AN APPURTENANT RIGHT OF WAY."
 SECOND ASSIGNMENT OF ERROR
{¶ 33} "THE TRIAL COURT ERRED WHEN IT MODIFIED AN EXPRESS EASEMENT, SINCE FORFEITURES OF EASEMENTS ARE STRONGLY DISFAVORED BY THE COURTS, IN THE ABSENCE OF AN (SIC.) WILLFUL AND INTENTIONAL ABUSE OF AN EXPRESS EASEMENT THERE CAN BE NO FORFEITURE OF AN EXPRESS EASEMENT."
 THIRD ASSIGNMENT OF ERROR
{¶ 34} "THE TRIAL COURT ERRED WHEN IT MODIFIED AN EXPRESS EASEMENT, SINCE FORFEITURES OF EASEMENTS ARE STRONGLY DISFAVORED BY THE COURTS, IN THE ABSENCE OF A SUBSTANTIAL INCREASE BURDEN, DESTRUCTION, AND INTERFERENCE UPON THE LAND OF THE SERVIENT ESTATE, BY THE OWNER OF THE EASEMENT, THE DOMINANT ESTATE, THERE CAN BE NO FORFEITURE OF AN EXPRESS EASEMENT."
 FOURTH ASSIGNMENT OF ERROR
{¶ 35} "THE TRIAL COURT ERRED WHEN IT MODIFIED AN EXPRESS EASEMENT, SINCE FORFEITURES OF EASEMENTS ARE STRONGLY DISFAVORED BY THE COURT, THERE CAN BE NO FORFEITURE OF AN EXPRESS EASEMENT SINCE THE USE OF INJUNCTIVE RELIEF IS AN ADEQUATE REMEDY BECAUSE AVAILABLE MEANS EXIST TO ELIMINATE ANY ABUSE OF THE EASEMENT."
 FIFTH ASSIGNMENT OF ERROR
{¶ 36} "THE TRIAL COURT ERRED WHEN IT MODIFIED AN EXPRESS EASEMENT SINCE THERE CAN BE NO FORFEITURE OF AN EXPRESS EASEMENT, BECAUSE TO PERMIT A FORFEITURE WOULD DEPRIVE THE OWNER OF HIS CONSTITUTIONAL PROPERTY'S (SIC.) RIGHTS WITHOUT DUE PROCESS OF LAW."
{¶ 37} Appellee's five assignments of error will be combined for ease of discussion as they all involve the same issue.
{¶ 38} In his five assignments of error, appellee argues that the trial court erred by modifying the easement at issue.
{¶ 39} In light of this Court's disposition of appellant's fourth assignment of error, appellee's five assignments of error have been rendered moot. Therefore, we decline to address them. See App.R. 12(A)(1)(c).
 III.
{¶ 40} Appellant's fourth assignment of error is sustained. Appellant's first, second, and fifth assignments of error are overruled. Appellant's third assignment of error is moot. Appellee's five assignments of error are moot. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded to the trial court for proceedings consistent with this opinion.
BAIRD, P.J. and WHITMORE, J. CONCUR.