[Cite as *Dar Jen Farms, Inc. v. Ohio Power Co.*, 2023-Ohio-4612.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DAR JEN FARMS, INC., ET AL., | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiffs-Appellants | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2023-0053 |
| OHIO POWER COMPANY | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Muskingum County Court of Common Pleas, Case No. CH2019-0288

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 14, 2023

APPEARANCES:

For Plaintiffs-Appellants

BRENT A. STUBBINS
KYLE S. WITUCKY
GRANT J. STUBBINS
CARTER A. BROWN
Stubbins, Watson, Bryan &
Witucky, Co., L.P.A.
59 North Fourth Street
P.O. Box 488
Zanesville, Ohio 43702-0488

For Defendant-Appellee

MOLLY S. CRABTREE
Porter Wright Morris & Arthur, LLP
41 South High Street, Suite #2900
Columbus, Ohio 43215

*Hoffman, P.J.*

{¶1}    Plaintiff-appellants Dar Jen Farms, Inc. (hereinafter "Dar Jen") and William A. Jennings (hereinafter "Jennings") appeal the summary judgment entered by the Muskingum County Common Pleas Court dismissing their complaint for declaratory judgment against Defendant-appellee Ohio Power Company.

STATEMENT OF THE FACTS AND CASE

{¶2}    Dar Jen owns real property in Muskingum County.  Jennings is the majority stockholder of Dar Jen.  Appellee owns a right-of-way and easement across the property owned by Dar Jen pursuant to a written easement signed by Dar Jen's predecessor in interest on September 24, 1947.

{¶3}    The easement grants Appellee rights relating to the construction, operation, and maintenance of transmission lines on Appellants' property including the right to "construct, erect, operate, and maintain a line of poles and wires for the purpose of transmitting electric or other power."  The easement does not restrict the height or placement of the poles.

{¶4}    Appellee has maintained an electric transmission line and related equipment across the property since the 1940's.  Twenty years after Appellee obtained the easement and installed its first equipment, Jennings built an airport on the property with the runway facing the existing utility poles.  Jennings has not used the airport personally since 2007, and could only identify a handful of times the airport had been used by others in the past decade.  The only use of the airport since 2016, was by a helicopter, not an airplane.  Jennings does not presently own an airplane.

{¶5}    In 2017, Appellee planned to upgrade the aging power line across the property as a part of a rebuilding project in Muskingum and Coshocton Counties.  Part of

the upgrade included the installation of taller utility poles on Dar Jen's property. The upgrade increased the height of the power lines from 34 to 98 feet, and included fiber optic lines. Appellee initially discussed obtaining a supplemental easement with Jennings to move the existing lines. After Jennings sought $120,000 for the supplemental easement, citing concerns about the airport, Appellee decided to install new poles entirely within the existing easement.

{¶6} On October 10, 2019, Appellants filed the instant action seeking declaratory judgment Appellee had exceeded the scope of its easement. Appellants sought a preliminary injunction to restrain Appellee from installing poles within the easement, as well as damages and fees. Appellants also filed a motion for a temporary restraining order. The trial court denied both the preliminary injunction and the temporary restraining order. Appellee completed installation of the new poles in August, 2020, while the instant action was pending.

{¶7} On May 2, 2022, Appellee filed a motion for summary judgment. Appellee argued the only remaining claim was the claim for declaratory judgment. Appellee argued the claim for monetary damages was precluded by Ohio's eminent domain statute, and Appellants could only obtain monetary damages if they had filed a writ of mandamus to compel Appellee to commence eminent domain proceedings, which Appellants had not filed. On June 2, 2022, Appellants attempted to file a petition for mandamus, and on June 3, 2022, Appellants filed a motion to amend their complaint to include the petition for mandamus. Appellee filed a motion to strike Appellants' petition.

{¶8} Following a hearing, the trial court granted Appellee's motion for summary judgment, dismissing Appellants' complaint. The trial court also struck Appellants' petition

for a writ of mandamus and overruled Appellants' motion to amend their complaint. It is from the June 20, 2023 judgment of the trial court Appellants prosecute their appeal, assigning as error:

I. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT.

II. THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANTS' PETITION FOR WRIT OF MANDAMUS AND APPELLANTS' MOTION FOR LEAVE TO AMEND THE COMPLAINT.

I.

**{¶9}** In their first assignment of error, Appellants argue the trial court erred in entering summary judgment in favor of Appellee.

**{¶10}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36 (1987). As such, we must refer to Civ. R. 56(C) which provides in pertinent part:

Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence

or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶12} Appellants first argue the trial court erred in granting summary judgment without "weighing the equities" between the parties in accordance with this Court's decision in *Ohio Power C. v. Bauer,* 60 Ohio App. 3d 57, 573.E.2d 780 (5th Dist. Perry 1989). In the syllabus, this Court held:

1. Where the grant of access in an easement to a power company for maintenance and control of power lines and towers is indefinite, global, and allows access over the entire dominant property, a court of equity has jurisdiction to monitor the competing interests of the dominant and servient estates and to grant appropriate relief to both interests. In exercising this equity jurisdiction, the court may only be reversed upon a showing of abuse of discretion.

2. An easement grants such rights as are necessary to the reasonable enjoyment thereof, leaving to the owner of the fee the right to use the property in any manner not inconsistent with the reasonable use of the easement.

{¶13} In *Bauer*, the power company sued the landowner for denying it access to an easement on the property, invoking the equitable jurisdiction of the court. The trial court issued the injunction against the landowner, later finding the landowner in contempt for continuing to deny the power company access to its easement. The trial court set forth restrictions on both parties regarding access to the easement. Ohio Power appealed, arguing the trial court was without jurisdiction to impose restrictions on its access to the easement. This Court affirmed, finding the trial court had jurisdiction to balance the rights of the parties in fashioning an equitable remedy where the grant of access was "indefinite, global, and allows access over the entire dominant property." *Id.* at syllabus 1. In so doing, we noted this was not a case where the intention of the parties was apparent from the four corners of the easement. *Id.* at 60.

{¶14} We find *Bauer* does not require the trial court to balance the competing interests of the parties, but rather allows the trial court to balance the rights and interests of the parties in exercising its equitable jurisdiction where the intention of the parties is not apparent from the four corners of the easement. Unlike *Bauer*, the instant case is not before this Court on appeal from the fashioning of injunctive relief, but rather is limited to the question of whether the trial court erred in granting summary judgment on Appellants' claim the new power lines exceed the scope of the four corners of the easement. Also, unlike *Bauer*, the easement to Appellee did not allow access over the entire property of Appellants and the scope of the easement was definite. We find *Bauer* is limited to its unique facts and inapplicable to the instant case. We find the trial court did not err in granting summary judgment without balancing the equities in between the parties as this Court allowed in *Bauer*.

{¶15} Appellants also argue the trial court erred in granting summary judgment because the 1947 easement did not allow for fiber optic lines, and by including fiber optic lines on the poles, Appellee exceeded the scope of the easement. Appellants argue Appellee admitted the terms "electric power" and "any other power" as used in the easement are vague and ambiguous, and therefore summary judgment was inappropriate.

{¶16} The easement allows Appellee to "place, erect, maintain, inspect, add to the number of, and relocate at will, poles, crossarms or fixtures, and string wires and cables, adding thereto from time to time, across, through or over the above described premises." The stated purpose of the easement is to allow Appellee to "construct, erect, operate and maintain a line of poles and wires for the purpose of transmitting electric or other power,

including telegraph or telephone wires" on the property.  Motion for Summary Judgment, Ex. A.

**{¶17}** Appellants argue fiber optic lines are not lines which transmit electric or other power, and are not telegraph or telephone wires.  The clear language of the easement provides telegraph or telephone wires are simply examples of the types of wires which could be included on the poles, and not an exhaustive list.  The use of the word "including" implies what follows is a partial, not an exhaustive, listing of what is subsumed within the stated category. *See, e.g., In re Hartman,* 2 Ohio St.3d 154, 156, 443 N.E.2d 516, 517 (1983).  We find although the stated purpose of the easement is to allow Appellee to string wires on poles for the purpose of transmitting electric or other power, the plain language of the easement does not restrict the lines to power lines, telephone lines, or telegraph wires.  Further, the language of the easement following the stated purpose, which sets forth Appellee's rights pursuant to the easement, does not restrict the type of cable which can be strung on the poles.  We find pursuant to the plain language of the easement, fiber optic lines were not restricted from being strung on poles validly constructed under the terms of the easement.

**{¶18}** Appellants cite this Court to two cases in which the courts concluded an expansion in technology exceeded the scope of an easement.  In *Corder v. Ohio Edison Co.,* 2022-Ohio-4818, 205 N.E. 3d 616 (7th Dist. Harrison), the court held the phrase "trim, cut, and remove," as used in a utility easement, did not permit the utility to use herbicides to control vegetation.  The court found the language used in the easement was ambiguous, and there was nothing in the record to prove the easement was created with the intention herbicides would be used.  *Id.* at ¶4.  We find *Corder* is distinguishable from

the instant case, as the language in the easement in the case *sub judice* unambiguously allows the stringing of wires and cables on poles constructed within the easement, including a fiber optic cable.  In addition, while the use of herbicides changes the nature of the activity on the property from the removal of vegetation by cutting or trimming, there is nothing in the record in the instant case to suggest the fiber optic wires have any adverse effect on the property which is different from the stringing of electric or telephone wires on the poles.  Appellants' complaint about the new poles was the height of the poles interfering with the airport, not with the type of wires strung on the poles.

{¶19}  Appellants also cite to *Graham v. Drydock Coal Co.*, 76 Ohio St. 3d 311, 667 N.E.2d 949, 1996-Ohio-393, in which the Ohio Supreme Court held a deed which severs a mineral estate from a surface estate and grants or reserves the right to use the surface for coal mining, with language specifically applicable to deep-mining techniques, does not grant the right to use strip mining.  We find *Graham* does not support Appellants' argument the change in technology to fiber optic wires exceeds the scope of the easement.  The *Graham* court specifically found the language in the deed referred to deep-mining techniques, not to strip mining, and whether the deed was drafted before or after the advent of strip mining, the deed did not reserve to the mineral owner the right to use strip mining methods.  *Id.* at 319.  Thus, the *Graham* holding was not based on new technology exceeding the scope of the deed language, but on the specific language of the deed itself.  The language in the easement in the instant case does not specifically preclude fiber optic lines.

{¶20}  Finally, Appellants argue Appellee admitted the terms "electric power" and "any other power" as used in the easement were vague and ambiguous, thus precluding

summary judgment. Appellants contend Appellee conceded the terms were vague and ambiguous in their responses to Appellants' discovery request. However, upon reviewing the record, we find Appellee merely objected to Appellants' use of the terms in their phrasing of requests for admissions in discovery requests as vague and ambiguous. There is no evidence in the record Appellee admitted the terms as used in the easement are vague and ambiguous.

{¶21} The first assignment of error is overruled.

II.

{¶22} In their second assignment of error, Appellants argue the trial court erred in overruling their motion to amend their complaint to add a petition in mandamus for eminent domain because at the time they filed their complaint in 2019, they did not know fiber optic lines would be included on the poles, which had not yet been installed, and such lines constitute an inverse taking because they are outside the scope of the easement.

{¶23} Civ. R. 15(A) provides for amendment of pleadings as follows:

> **(A) Amendments**. A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice

so requires. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within fourteen days after service of the amended pleading, whichever is later.

**{¶24}** "While the rule allows for liberal amendment, motions should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party." *Howick v. Lakewood Village Ltd. Partnership*, 3d Dist. Mercer No. 10-06-25, 2007-Ohio-4370, 2007 WL 2410078, ¶ 37*, citing Turner v. Cent. Local* School Dist., 85 Ohio St.3d 95, 99, 706 N.E.2d 1261 (1999). A trial court's decision to grant or deny a motion for leave to amend a pleading is discretionary and will not be reversed absent an abuse of discretion. *Id.* at ¶ 37, *citing State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610, 665 N.E.2d 200 (1996). "An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable." *Id.*

**{¶25}** We find the trial court did not abuse its discretion in denying Appellants' motion to amend the pleadings to add a petition for mandamus. Appellants did not file their motion to amend until June 3, 2022. The instant action was filed in 2019. The construction of the new poles was completed in August of 2020. Appellants filed their motion to amend their complaint to add the petition for mandamus to require Appellee to commence eminent domain proceedings only after Appellee argued in its motion for summary judgment Appellants' claim for monetary damages was precluded by their failure to file a writ of mandamus to compel Appellee to commence eminent domain proceedings. We find the trial court did not abuse its discretion in finding the motion to

amend the complaint was filed too late in the proceedings, several years after the construction of the poles was completed.

**{¶26}** In addition, Appellants' petition is based on their claim the addition of fiber optic cables to the poles is outside the scope of the easement.  Because we have found the plain language of the easement allows fiber optic cables to be strung from the poles, we find Appellants could not demonstrate a "taking" occurred by the stringing of fiber optic cables on the poles.

**{¶27}** The second assignment of error is overruled. The judgment of the Muskingum County Common Pleas Court is affirmed.

By: Hoffman, P.J.
Wise, J.  and
Baldwin, J. concur