ALBAN ET AL., APPELLEES, v. R. K. CO. ET AL., APPELLANTS.

[Cite as Alban v. R. K. Co., 15 Ohio St. 2d 229.]

(No. 41203—Decided July 17, 1968.)

*Mr. DeWitt Agler, Messrs. Cunningham, Burns & Gibbs* and *Mr. Lawrence J. Burns,* for appellees.

*Messrs. Chamblin, Snyder & Henry* and *Mr. Larry H. Snyder,* for appellants.

TAFT, C. J. The question raised by this appeal is the extent of the right-of-way or easement conveyed to the plaintiffs. Plaintiffs contend that a grant of a right-of-way or easement on and over a parcel of real property described by metes and bounds creates a way over all of the property described. Defendant argues that such a grant only describes an unlocated or undefined right-of-way and therefore creates only the right to a reasonably convenient and suitable way over the property described.

Plaintiffs admit that defendant has provided and paved a ten-foot way across the parcel of land involved. Plaintiffs make no contention that that way is inadequate for passage nor that they have been denied access to their property, other than for a brief period of time during which the paving was being done. Thus, the controversy centers on whether plaintiffs may, as an incident of their easement or right-of-way on and over a parcel of land which is described by metes and bounds and which parcel as so described is 305 feet long and 80 feet wide, prohibit the defendant from making any improvements on or alterations in the land in question.

The basic definition of an easement is that it is the grant of a use on the land of another. 2 Casner, American

Law of Property, Section 8.64, defines how the limits of that use are to be determined, as follows:

"When created by conveyance, the extent of the privilege of use to which the owner of an easement created by conveyance is entitled is dependent upon the provisions of the conveyance. The creation of an easement by conveyance consists in the creation of certain privileges of use. * * *"

The use intended by the instant easement was specifically stated to be "a right-of-way on and over the following described property." It was an easement of passage over a private parcel of land and was not an easement to use a then existing roadway.

In the leading case of *Long* v. *Gill* (1885), 80 Ala. 408, the language of the deed provided for a "* * * right of way over the following lot or parcel of land, to-wit: following which is a description, by metes and distances." In its opinion, the court stated:

"The description was not intended to define the limits of the right of way, but to designate the place, where it was to be reasonably enjoyed. * * * The defendant had the right to erect the building on the land, though a smaller space is left, provided unobstructed space remains reasonably convenient for vehicles * * *. It is not a necessary consequence, that the complainant is denied the reasonable and convenient use of a way, because a part of the land is occupied by the building."

In *Johnson* v. *Kinnicutt* (1848), 56 Mass. 153, a right of passing and repassing over a 20-foot space was granted and the plaintiff there claimed that he was entitled to an unobstructed use of the whole space. The court stated in its opinion:

" 'the space of twenty feet between' etc., describe the close, in, through, and over which, the plaintiff could have a right of way; but * * *they do not describe the limits of the way granted. It was therefore the grant of a convenient way, within those limits, adapted to the convenient use and enjoyment of the land granted, for any useful and proper purpose, for which the land might be used * * *.

It does not therefore necessarily follow, because a portion of this space was covered, that the plaintiff was thereby impeded in the use of a convenient way; it may or may not be so, and this depends on the facts * * *."

See *In re Application of City of Buffalo* (1910), 65 N. Y. Misc. 636, 120 N. Y. Supp. 611; *Barrett* v. *Duchaine* (1925), 254 Mass. 37, 149 N. E. 632; *Le Sawyer* v. *Squillace* (1961), 14 App. Div. 2d 961, 221 N. Y. Supp. 2d 455. But see, *Bump* v. *Sanner* (1872), 37 Md. 621 (distinguishable since easement was over an alley which was held not to differ in use from a public street); *J. S. Lang Engineering Co.* v. *Wilkins Potter Press* (1923), 246 Mass. 529, 141 N. E. 501 (distinguished by language in deed specifically requiring land to be left unobstructed for 20 feet).

Plaintiffs here failed to allege that they are denied a convenient way and merely seek to enforce their easement to prevent any use by defendant of any part of the described property. They do not have such a right. Plaintiffs have the right to a convenient way across the land of defendant, and no more. Such a result will avoid a construction of the grant of a right of way on and over this parcel of land that would unduly restrict its use. See paragraph two of the syllabus of *Loblaw* v. *Warren Plaza, Inc.* (1955), 163 Ohio St. 581, 127 N. E. 2d 754.

For the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

ZIMMERMAN, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.

BROWN, J. I conclude, as did the Court of Appeals which heard the case, that the deed in question contained a defined right of way. I therefore concur in the syllabus but dissent from the judgment.

MATTHIAS, J., dissents.