DECISION AND JOURNAL ENTRY
Appellants, Consumeracq, Inc. and Consumer Builders Supply Co.[1] (hereinafter collectively referred to as Consumeracq), appeal the Lorain County Court of Common Pleas' grant of summary judgment to Richard R. Stiffey, appellee. We affirm in part and reverse in part.
On July 21, 1993, Consumeracq purchased an easement from Billy S. Rowland, Trustee of the Billy S. Rowland Revocable Trust for property located on North Ridge Road in Lorain County. The agreement, which was duly recorded on July 26, 1993, gave Consumeracq an easement to construct a sign for advertisement purposes on a designated area of the property. The servient parcel was later transferred to Mr. Stiffey.
Mr. Stiffey allowed grass and weeds to grow on his property outside of the easement area, obscuring Consumeracq's sign. Further, Mr. Stiffey allowed motor vehicles to be parked on his property outside of the easement area, which also obstructed the sign. When Consumeracq employees attempted to clear the weeds and vehicles, Mr. Stiffey objected to their presence on his property.
On July 30, 1998, Consumeracq filed suit requesting the court to enjoin Mr. Stiffey from allowing weeds, other overgrowth, and objects to obstruct the sign and any other relief that the trial court might find proper. Mr. Stiffey responded in opposition and counterclaimed on August 26, 1998. Mr. Stiffey filed a motion for summary judgment on December 10, 1998. Consumeracq responded and, on March 22, 1999, filed a motion for preliminary injunction. On April 4, 1999, the trial court denied Consumeracq's motion for preliminary injunction and granted Mr. Stiffey's motion for summary judgment. Mr. Stiffey's counterclaims were dismissed without prejudice on the same day. This appeal followed.
Consumeracq asserts one assignment of error:
 The Trial Court Erred in Granting Summary Judgment to Defendant-Appellee.
 Consumeracq avers that the trial court erred in concluding that under the terms of the easement, Mr. Stiffey was under no obligation to maintain an unobstructed view of the sign from the street by keeping the portion of his property, which was not mentioned in the easement, free of weeds and other obstructions. Moreover, Consumeracq asserts that the trial court erred in concluding that the easement disallows it from clearing overgrowth from the servient parcel which obstructs the view of its sign and in allowing the placement of objects on the servient parcel which obstruct the view of its sign from the street. We agree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
An easement is an interest in land, which can be created by prescription, implied consent, or express consent, which entitles the owner of the dominant estate to a limited use of the servient estate. See Mays v. Moran (Mar. 18, 1999), Ross App. Nos. 97CA2385/97CA2386, unreported, 1999 WL 181400, at *8. When an easement is created by conveyance, "`the provisions of the conveyance'" delineate its scope. Alban v. R. K. Co. (1968),15 Ohio St.2d 229, 232, quoting 2 Casner, American Law of Property, Section 8.64. Moreover, an easement is "generally defined by the language of the granting instrument." Columbia Gas Transm.Corp. v. Bennett (1990), 71 Ohio App.3d 307, 318. "However, without a specific delineation of the easement in the instrument, courts may look to other circumstances to ascertain the intention of the parties and determine the scope of the easement." Id.
"A deed is to be construed most strongly against the grantor." Stocker Sitler, Inc. v. Metzger (1969), 19 Ohio App.2d 135,142; accord Campbell v. Johnson (1993), 87 Ohio App.3d 543,547. Moreover,
 "The courts, in connection with the construction of written conveyances, as of other instruments, have asserted some general rules of construction, to aid in ascertaining the intention of the parties thereto.
 In case of doubt, it is said, the conveyance is to be construed most strongly as against the grantor, or in favor of the grantee on the theory, it seems, that the words used are to be regarded as the words of the grantor rather than of the grantee. Applying this rule, an exception or reservation in a conveyance is construed in favor of the grantee rather than of the grantor."
Pure Oil Co. v. Kindall (1927), 116 Ohio St. 188, 203, quoting 2 Tiffany on Real Property 2d, Section 437.
The instant easement provides a series of rights to the grantee:
 Grantor further grants to the grantee the right of ingress and egress over and on said land of grantor to effect the purposes of the easement granted.
 Grantee shall have the further right from to time [sic] to trim and cut down and clear away any brush, weeds, or other similar overgrowth on said land which in the opinion of grantee reasonably exercised obscures the public's view of said sign.
 Grantor shall have the right to use said land for purposes not inconsistent with grantee's full enjoyment of the rights granted, provided however, that grantor specifically agrees not to erect, construct, plant, place upon or otherwise locate any structures, trees, or other objects upon said land which would obscure the public's view of said sign.
 Construing the facts in a light most favorable to the nonmoving party, Mr. Stiffey has placed objects between the sign easement area and the roadway, obscuring the sign, and has threatened Consumeracq employees who have attempted to clear, from the area between the sign and the roadway, weeds and other overgrowth that obscure the sign. Hence, we must determine whether Consumeracq has the right, under the easement, to clear away obstructing brush and whether Mr. Stiffey may place objects between the sign and roadway so as to obstruct the sign. However, by stipulation, neither the overgrowth nor the objects were within the area in which the easement allows placement of the sign.
Our analysis must begin with the easement document and centers around the term "said land of grantor." This term is not specifically defined in the document. In the document, the easement is specifically described, followed by a list of rights granted over the "land of grantor" to effectuate the purpose of the easement. The list of rights contains the term "land" rather than "easement" to describe the property effected. Hence, utilizing the rules of construction enunciated above and construing the intentions of the contracting parties so as not to "negate the rights conveyed," Rueckel v. Texas E. Transm. Corp.
(1981), 3 Ohio App.3d 153, 159, we conclude that the term "land of grantor" refers to Mr. Stiffey's entire lot. Moreover, construing the list of rights as only applying to the land over which the easement operates would render several of the provisions mere surplusage due to the implied rights attendant to an easement.
As we have determined that the term "land of grantor" refers to Mr. Stiffey's entire lot, we must determine whether the trial court erred in granting summary judgment. The facts construed in a light most favorable to the non-moving party show that questions of fact remain as to whether Consumeracq "reasonably" determined that the obstructions needed to be removed and whether Mr. Stiffey placed "objects upon said land which would obscure the public's view of said sign." Hence, we conclude that the trial court erred in granting summary judgment when it determined that Consumeracq has no right under the easement to enter the property of Mr. Stiffey and remove "overgrowth" and that Mr. Stiffey has the right under the easement to place objects in front of the sign. However, summary judgment was properly entered against Consumeracq on its claim that Mr. Stiffey is obliged to clear overgrowth which obscures the sign as the easement clearly provides that Consumeracq (the grantee), rather than Mr. Stiffey, shall have the right to clear the overgrowth. Accordingly, Consumeracq's assignment of error is sustained in part and overruled in part.
Consumeracq's assignment of error is sustained in part, overruled in part, and the cause is remanded to the Lorain County Court of Common Pleas for further proceedings not inconsistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
CARR, J., WHITMORE, J., CONCUR.
[1] This company is a wholly owned subsidiary of Consumeracq, Inc.