OPINION
{¶ 1} Defendants Monte T. and Cynthia C. McCoy appeal a judgment of the Court of Common Pleas of Delaware County, Ohio, entered in favor of plaintiffs Roger F. and Judy Myers. Appellants assign two errors to the trial court:
 {¶ 2} "The court below erred in granting appellees judgment on the pleadings where, construing the pleadings most favorably to appellants and granting every reasonable inference therefrom in favor of appellants, there are clearly material factual issues remaining.
 {¶ 3} "The court below committed error in awarding punitive damages for appellants' purported trespass where the record is devoid of the requisite elements for punitive damages."
 {¶ 4} Appellees' complaint alleged appellants trespassed on their property and sought a declaratory judgment regarding the scope of an ingress/egress easement granted by appellees to appellants, including the rights and responsibilities of the various parties for maintenance and improvement of the common access easement and individual driveways. Appellees sought compensatory and punitive damages including attorney fees and costs. Also named in the original complaint were defendants Thomas V. and Susan K. LaPens, who are not parties to this appeal. {¶ 5} The trial court granted judgment on the pleadings in favor of appellees, and held a trial on issue of damages. The court awarded appellees $2,191.00, which it determined was the cost to restore the property to its original condition, plus punitive damages of $2,000.00. This appeal ensued.
 {¶ 6} The controversy arose out of the use of property fronting on Robins Road in Harlem Township in Delaware County. Appellants own a parcel fronting on Robins Road, and defendants LaPens own the adjoining property. Appellees' property lies behind these two lots. Appellees also own a strip of land 60.12 feet wide and 470 feet long, located between the two front lots, over which Appellants' lot and the LaPens property jointly own an easement to provide them access to Robins Road. Appellees also use the strip of land for access to Robins Road.
 {¶ 7} The recorded subdivision plat for the area states "access for ingress and egress is hereby granted for Lot 294 and Lot 295 over the 60.0 strip of land situated between said lots." The easement is recorded with a diagram of the subject properties as well as a legal description. It appears the easement was granted by the previous owners of appellees' property.
 {¶ 8} Appellees alleged when the property was developed, the common access driveway was approximately 12.5 feet wide and the individual driveways leading to appellants' and the LaPens' property were each approximately 20 feet wide. In 2002, appellants widen their individual driveway by approximately 10 feet. It appears appellants did not make any changes to the common drive, but widened their driveway from their garage to the easement lane shared by the parties.
 {¶ 9} The alleged trespass consisted of appellants exceeding the scope of their rights under the easement by parking vehicles on their individual driveway within the area of the easement, and on the common access driveway; attempting to exercise dominion and control over the property along the common access and individual driveways by attempting to make improvements to the property without appellees' permission; and dumping concrete and other construction materials on the appellees' property located along the common access driveway. Appellees' complaint prayed for a declaration appellants were restricted to use the easement right-of-way as it existed prior to the expansion of the driveway; to find the remainder of the property within the 60 foot wide strip between the two lots is not subject to the easement granted in the plat; and to order all parties to be jointly responsible for the cost of maintenance and for improvement of the common access driveway. Appellees also requested the court declare the appellees may make a reasonable determination whether the common access driveway or any of the individual driveways within the easement boundaries are in need of maintenance or repair, and they may have the work done and bill the other parties for their share of the work.
 {¶ 10} Appellants' answer admitted they widened their driveway from the common access driveway to their property, but denied this was in derogation of appellees' property rights. Appellants denied they were restricted to use the common easement as it existed prior to their expansion of their driveway, and denied that the remainder of the 60 foot wide area was not subject to the easement. Appellants alleged appellees alone were not entitled to make a decision regarding the need of maintenance or repair to the common easement area, but admitted all parties are jointly responsible for maintenance of the common easement while each party is responsible for maintenance and improvement of their own driveways off the common drive.
 {¶ 11} Appellees also made a counterclaim for tortious interference with their easement rights, and alleged appellees had failed to maintain and improve the easement. Appellants prayed the court to determine the entire 60 foot strip platted as an access and egress easement is useable by all parties from their respective parties' property and appellees be restricted to behavior consistent with appellants' easement rights.
 {¶ 12} The trial court granted judgment on the pleadings, finding there was no dispute of the relevant facts. The court found the easement is only for ingress and egress over appellees' property and appellants are entitled only to the convenient way across the land. The court found while the easement is "over" a 60 foot strip of land, the easement itself is not 60 feet wide. The court found the language granting the easement lacks specific language granting use of the entire 60 foot strip of land. The court found the grantors could have used language to specifically grant use of the entire area or a larger area, but because the easement lacks the specific language the parties are bound to the original terms of the easement. The court concluded the appellants are only entitled to use the common access driveway and individual driveways as they existed at the time of the grant of the easement. The court found appellants' act of widening their driveway constituted a continual trespass, and found all parties were jointly responsible for the cost of maintenance and improvement of the common access driveway, while each party is responsible for their individual driveway.
 JUDGMENT ON THE PLEADINGS {¶ 13} The parties agree pursuant to Civ. R. 12 (C), the court must construe the pleadings liberally and in a light most favorable to the party against whom the motion is made along with all reasonable inferences to be drawn from the pleadings. The court may only consider the statements contained in the pleadings and may not consider any evidentiary materials. A motion on the pleadings is directed only to questions of law, and may be granted only when no material factual issue exists and the movant is entitled to a judgment as a matter of law, see, e.g., Peterson v. Teodosio (1973), 34 Ohio St. 2d 161.
 {¶ 14} Appellants allege there were issues of fact presented by the pleadings, such that the court should not have granted judgment on the pleadings. Appellants assert the specific denials in their answer and counterclaim placed the facts in dispute.
 {¶ 15} We agree with appellants there were issues of fact, and issues of mixed law and fact presented, and the judgment on the pleadings was inappropriate. We further find the court erred in its interpretation and application of the law.
 PROPERTY RIGHTS {¶ 16} An easement has been defined as an interest in the land of another created by prescription or express or implied grant, which entitles the owner of the easement to a limited use of the land in which the interest exists, see, e.g., Alban v. R.K. Company (1968),15 Ohio St. 2d 229, 44 Ohio Ops. 2d 198, 239 N.E. 2d 22. The owner of the easement is referred to as the dominant estate and the land in which the interest exists is called the servient estate, Id. When an easement is granted by an express grant, the extent and limitations upon the dominate estate's use of the land depends upon the language of the granting instrument, Id. The easement at issue here is an express easement.
 {¶ 17} The grant of an easement includes the grant of all things necessary for the dominant estate to use and enjoy the easement, Day,Williams Company v. RR. Company (1884), 41 Ohio St. 3d 392. Thus, in determining the nature and extent of an easement, the court must construe the easement in a manner permitting the dominant estate to carry out its purpose, Alban, supra. If the dimensions of the easement are not expressed in the granting instrument, the court must determine the dimensions from the language of the grant, the circumstances surrounding the transaction, and the purpose for which the easement was granted, CraneHollow, Inc. v. Marathon Ashland Pipeline LLC (2000),138 Ohio App. 3d 57, 740 N.E. 2d 328.
 {¶ 18} A court abuses its discretion if it alters an established easement or requires a party to accept an altered easement in substitution of the original, Munchmeyer v. Burfield (March 26, 1996), Washington App. No. 95-CA-7, citations deleted.
 {¶ 19} Questions concerning the dimensions and easement may be either factual or legal in nature, depending upon how the dimensions are established. The issue becomes the intention of the parties at the time the easement was granted. If the instrument creating the easement adequately and unambiguously describes its dimensions, the terms of the written instrument control and the courts may not use extrinsic evidence to determine the party's intent, Muchmeyer, supra. Only if the description is inadequate or non-existent, extrinsic evidence may be considered to ascertain the intent of the parties in establishing the easement. As a matter of law, once the dimensions of an easement has been established, neither the serviant estate owner nor the dominant estate holder may unilaterally change the easement's dimensions because treating the dimensions as variable would incite litigation and depreciate the value and discourage improvement of land upon which the easement is charged, Munchmeyer, citations deleted.
 {¶ 20} The dimensions of the easement before us are expressed in the granting instrument, which specifies the land subject to the easement is approximately 60 wide and 470 long. Because the dimensions are described and platted, the trial court is bound by the description and may not redefine it or limit it to a reasonable dimension. The question of reasonableness goes to use of the easement, not its size.
 {¶ 21} It has long been the rule in Ohio that although the owner of the dominate estate may not increase the burden or materially enlarge his right over the serviant estate, changes in the use of the easement are permitted to the extent they result from normal growth and development of the dominate land, and are a proper and reasonable use of the easement,Erie Railroad Company v. S.H. Kleinnman Realty Company (1915),92 Ohio St. 96. An easement holder may not increase the burden upon the serviant estate by engaging in a new and additional use of the easement,Centel Cable Television Company of Ohio, Inc. v. Cook (1991),58 Ohio St. 3d 8. However, in the absence of specific language to the contrary, the easement holder may vary the mode of enjoyment and use of the easement if by doing so he can more freely exercise the purpose for which the grant was made, Ohio Oil Gathering Corp. II. v. Shrimplin (July 23, 1990), Coshocton App. No. 89-20, citations deleted. Generally, the court should presume the parties contemplated normal development would result in some changes in the mode of use of the easement, even if the parties had not anticipated the specific change which occurs.
 {¶ 22} Problems arise when, as here, the owner of a dominant estate does something which expands his use of the easement. If the court finds the use enlarges the rights unreasonably, the easement may be terminated, Solt v. Walker (May 13, 1996), Fairfield App. No. 95-CA-64. The issue of whether the easement was abused or simply expanded from natural development and use of the property is an issue of fact, Hienerv. Kelley (July 23, 1999), 98-CA-7, Solt, supra.
 {¶ 23} Here, the trial court found the express easement permitted only the use of the common lane and driveways as they existed at the time of the grant. This is correct with an implied or prescriptive easement, or with an express easement with an indeterminate or incomplete description of the boundaries. Here, however, the dimensions are set, and we are bound by them as expressed: a strip 60 feet wide and 470 feet long. We find as a matter of law, the language granting the easement makes the entire strip subject to the easement, and the parties are not restricted to the area as it was used when the easement was granted.
 {¶ 24} In misconstruing the language of the easement, the trial court impermissibly eliminated the need to determine the factual issue of whether the change in use was an abuse of the easement or simply the natural development of its use. Because there is a question of fact presented, judgment on the pleadings was inappropriate.
 {¶ 25} In determining whether the actual use of the easement rises to the level of abuse, courts generally look to whether the actual use to which the easement is put has changed. Thus, even if a driveway easement had not been used since it was granted, it is not abused when the owner of the easement begins to use the drive after a long period of time,Hiener, supra. Erecting a gate in a fence does not change the use of the easement if it does not obstruct the easement, Hurst v. Baker (August 22, 2000), 99-CA-14. Increased traffic for ingress and egress may not be a material change, Anspach v. Madden (November 1, 1985), Sandusky App. No. S-84-40. But in Solt, supra, this court found reasonable minds could differ regarding whether the owner of the easement who increases his business has simply developed his land in a reasonable manner, or has burdened the serviant estate with increased traffic, dust and dirt, late night comings and goings, and creation of a lot of noise and excessive speed. We found these were appropriate factors for the trier of fact to consider.
 {¶ 26} Appellees also alleged appellants committed a trespass when they parked vehicles on the easement and when they dumped concrete onto it. We agree with the trial court's judgment in these matters. In Kuhnv. Ferrante, (Jan. 28, 2002) Stark App. No. 2001CA00115, 2002-Ohio-358, this court held an easement granting the right of ingress and egress did not include the right to park on the easement, because parking is the antithesis of driving, Kuhn at 2, citations deleted. Likewise, ingress and egress does not include using the area for dumping concrete and is not a proper use of the easement.
 {¶ 27} We find the trial court should not have granted judgment on the pleadings, because the case presents an issue of fact concerning whether the expanded driveway constituted a reasonable use or an abuse of the easement. Accordingly, the first assignment of error is sustained in part and reversed in part.
 II {¶ 28} Punitive damages are available only when two conditions are met. First there must be an award of compensatory damages, Rubeck v.Huffman (1978), 54 Ohio St. 2d 20. Secondly, there must be a finding of actual malice or conscious disregard for the rights and safety of other persons which has a great probability of causing substantial hard, Wattv. Rick Metz Developer, LLC (Wood App. No. WD02-041), 2003-Ohio-399, citations deleted. Because we find the judgment was inappropriate and premature, it follows the aware of punitive damages must be vacated pending final determination of the issues.
 {¶ 29} The second assignment of error is sustained. {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
Gwin, J., Boggins, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellees.