[Cite as *2291 Fourth, L.L.C. v. Advantage Credit Union, Inc.*, 2021-Ohio-4021.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| 2291 FOURTH LLC | JUDGES:<br>Hon. Craig R. Baldwin, P. J.<br>Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2021 CA 0022 |
| ADVANTAGE CREDIT UNION, INC. | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Case No.  19 CV 0331


JUDGMENT:     Reversed and Remanded


DATE OF JUDGMENT ENTRY:     November 10, 2021


APPEARANCES:

For Plaintiff-Appellant     For Defendant-Appellee

CHARLES E. TICKNOR, III     ERIC S. MILLER
PETER J. GEORGITON     13 Park Avenue West
RACHEL E. SHONEBARGER     Suite 608
DINSMORE & SHOHL, LLP     Mansfield, Ohio  44902
191 West Nationwide Blvd. Suite 300
Columbus, Ohio  43215

*Wise, J.*

**{¶1}** Appellant 2291 Fourth LLC appeals from the March 24, 2021 Judgment Entry by the Delaware County Court of Common Pleas granting summary judgment in favor of Appellee. Appellee is Advantage Credit Union, Inc. The relevant facts leading to this appeal are as follows.

### FACTS AND PROCEDURAL HISTORY

**{¶2}** Appellant owns commercial property located at 2291 W. Fourth Street in Mansfield, Ohio. Appellant leases the property to various tenants.

**{¶3}** Appellee owns commercial property next to 2291 W. Fourth Street located at 700 Stumbo Road N. in Mansfield, Ohio.

**{¶4}** In 1981, the prior owners of 2291 W. Fourth Street granted an express easement ("the Easement") to the owners of 700 Stumbo Road N. The Easement was recorded on October 30, 1981.

**{¶5}** Under the terms of the Easement, Appellee must maintain the easement in a "safe, sanitary, and proper" manner at the cost and expense of Appellee.

**{¶6}** From 2005 until 2018, Appellee performed no maintenance on the easement.

**{¶7}** In 2018, Appellant approached Appellee demanding repairs be made. Appellee proposed a plan for repair, which was rejected by Appellant. Appellant rejected the proposals by Appellee in October of 2018, March of 2019, and April of 2020.

**{¶8}** Appellant alleges $5,281 in damages stemming from spot repairs of the easement.

{¶9}     On May 2, 2019, Appellant filed a complaint alleging breach of contract for Appellee's failure to maintain the easement, and seeking to terminate the easement.

{¶10} On June 6, 2019, Appellee filed a Motion for Summary Judgment.

{¶11} On November 27, 2019, Appellant filed a Motion for Summary Judgment.

{¶12} On February 5, 2020, the trial court overruled both Motions for Summary Judgment.

{¶13} Appellee sought leave to file a second Motion for Summary Judgment on October 15, 2020, which was granted by the trial court.

{¶14} On November 5, 2020, Appellee filed a second Motion for Summary Judgment. In Appellee's second Motion for Summary Judgment, Appellee argues Appellant has no basis to terminate easement. Appellee urges the trial court to ignore the language of the contract requiring Appellee to maintain the easement in a "safe, sanitary, and proper" manner. Instead, the trial court should determine whether repairs are necessary to prevent Appellee's use of the easement from becoming an annoyance and a nuisance to Appellant.

{¶15} On December 1, 2020, Appellant also filed a partial Motion for Summary Judgment. Appellant argued Appellee breached the easement contract.

{¶16} On March 24, 2021, the trial court granted Appellee's Motion for Summary Judgment and denied Appellant's partial Motion for Summary Judgment. In the trial court's journal entry, the trial court applied the common law standard of whether the easement became an annoyance or nuisance to Appellant finding the easement language of "safe, sanitary, and proper" is "insufficiently specific and meaningful for the Court to effectively enforce it[.]"

**ASSIGNMENT OF ERROR**

**{¶17}** Appellant timely filed a notice of appeal and herein raises the following two assignments of error:

**{¶18}** "I. THE TRIAL COURT ERRED IN HOLDING THAT ADVANTAGE DID NOT BREACH THE EASEMENT, EVEN THOUGH IT IS UNDISPUTED THAT ADVANTAGE DID NOT PERFORM ANY MAINTENANCE TO THE EASEMENT FOR OVER 13 YEARS.

**{¶19}** "II. THE TRIAL COURT ERRED IN HOLDING THAT 2291 FOURTH'S CLAIM FOR DECLARATORY JUDGMENT SEEKING TERMINATION OF THE EASEMENT FAILED AS A MATTER OF LAW."

**Standard of Review**

**{¶20}** With regard to summary judgment, this Court applies a de novo standard of review and reviews the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). We will not give any deference to the trial court's decision. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Under Civ.R. 56, a trial court may grant summary judgment if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267, 274 (1977).

**{¶21}** The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

**{¶22}** The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party has met the burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

## I.

**{¶23}** In Appellant's First Assignment of Error, Appellant argues the trial court erred by finding Appellee did not breach the easement by applying the common law standard. We agree.

**{¶24}** An easement is an interest in land of another created by prescription or express or implied grant, which entitles the owner of the easement to a limited use of the land in which the interest exists. *Myers v. McCoy*, 5th Dist. Delaware No. 2004CAE07059, 2005-Ohio-2171, ¶16, citing *Alban v. R.K. Company*, 15 Ohio St.2d 229, 231, 239 N.E.2d 22 (1968). The owner of the easement is referred to as the dominant estate, and the land in which the interest exists is called the servient estate. *Id.* When an easement is granted

by an express grant, the extent and limitations upon the dominate estate's use of the land depends upon the language of the granting instrument. *Id.*

**{¶25}** To interpret the terms of a written easement, the court must follow the ordinary rules of contract construction so as to carry out the intent of the parties as demonstrated by the language in the contract. *Skivolocki v. East Ohio Gas Co.*, 38 Ohio St.2d 244, 313, 313 N.E.2d 374 (1974), syllabus, paragraph one. "Generally, courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement." *Shifrin v. Forest City Ents. Inc.*, 64 Ohio St.3d 635, 638, 597 N.E.2d 499 (1992). "Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." *Alexander v. Buckeye Pipe Line Co.,* 53 Ohio St.2d 241, 374 N.E.2d 146 (1978) paragraph two of the syllabus. When the terms of the easement are clear and unambiguous, a court cannot create new terms by finding an intent not expressed in the language used. *Id.* "When a term of a contract is determined to be ambiguous, then the determination of what the actual terms were becomes a question of fact." *Lake Erie Towing v. Troike*, 6th Dist. Erie No. E-05-062, 2006-Ohio-5115, ¶13.

**{¶26}** In the case *sub judice*, the easement agreement requires Appellee to maintain the easement in a "safe, sanitary, and proper" manner. The trial court held this standard is meaningless in the context of outdoor asphalt driveways as the term "sanitary" has no common sense meaning. The trial court describes unsanitary conditions such as bird droppings, dirt, and oil which do not impair the practical use of

the easement. Even if the trial court finds no application of this term to asphalt driveways, it may still apply the standard "safe" and "proper."

**{¶27}** The trial court concludes the word proper is too subjective as Appellant and Appellee urge the trial court to adopt two different definitions of proper. Appellee argued patching potholes would be proper in the context of maintaining an asphalt driveway. Appellant argued proper maintenance would be much more extensive, and should be interpreted to include keeping the easement aesthetically pleasing. As noted in *Alexander*, the trial court should apply the common ordinary meaning to the term "proper."

**{¶28}** The trial court agrees that the term safe can be applied objectively. However, the trial court then applied the common law standard that Appellant failed to demonstrate that Appellee abused or misused the easement.

**{¶29}** The trial court, by abandoning the easement terms of "safe, sanitary, and proper" in favor of the common law standard, created a new intent of the agreement not contemplated in the original easement agreement. The trial court must give the plain ordinary meaning of the terms "safe," "sanitary," and "proper" in the context of maintaining outdoor paved driveways. If the trial court finds these terms to be ambiguous, then the determination of the meaning of "safe, sanitary, and proper" becomes a question of fact to be determined by the finder of fact.

**{¶30}** Appellant's First Assignment of Error is sustained.

**II.**

**{¶31}** Due to our disposition of Appellant's First Assignment of Error, we find Appellant's Second Assignment of Error to be moot.

**{¶32}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed. This matter is remanded for further proceedings consistent with this opinion.

By: Wise, J.

Baldwin, P. J., and

Gwin, J., concur.


JWW/br  1105