[Cite as *Razi v. Wedgewood Golf & Country Club*, 2021-Ohio-4145.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| ALI RAZI | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| WEDGEWOOD GOLF & | : | Case No. 21 CAE 07 0034 |
| COUNTRY CLUB | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. 20CVH090419


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    November 22, 2021


APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

JAMES R. LEICKLY                       DAVE LACKEY
400 South Fifth Street                    153 South Liberty Street
Suite 200                                      Powell, OH  43065
Columbus, OH  43215

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, Ali Razi, appeals the June 10, 2021 judgment entry of the Court of Common Pleas of Delaware County, Ohio, granting summary judgment to Defendant-Appellee, Wedgewood Golf and Country Club.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellee is a private country club.   In 2003, appellant entered into an agreement with appellee for "equity" membership to the country club.   Appellant was required to pay a $30,000 initiation fee.   Appellant believed under the terms of the agreement, if he were to move and thus have to resign his membership, he would be paid back his initiation fee at some point in time.

{¶ 3}   Appellant moved and therefore resigned his membership in 2008.  He was never paid back.

{¶ 4}   On September 25, 2020, appellant filed a complaint against appellee, claiming breach of contract.  The parties each filed motions for summary judgment.  By judgment entry filed June 10, 2021, the trial court denied appellant's motion, granted appellee's motion, and entered judgment to appellee as a matter of law.

{¶ 5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 6}   "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEE/DEFENDANT WEDGEWOOD'S MOTION FOR SUMMARY JUDGMENT AGAINST APPELLANT/PLAINTIFF RAZI AND IN DENYING MR. RAZI'S MOTION FOR SUMMARY JUDGMENT AGAINST WEDGEWOOD BECAUSE UNDER THE LAW SET

FORTH BY THE OHIO SUPREME COURT, A CONDITION PRECEDENT WAS NOT CREATED IN THE CONTRACT THAT WOULD EXCUSE WEDGEWOOD'S PERFORMANCE. THE CONTRACTUAL LANGUAGE CREATED A "PAY-<u>WHEN</u>-PAID" PAYMENT ARRANGEMENT THAT IS NOT CONDITIONAL AS OPPOSED TO A CONDITIONAL "PAY-<u>IF</u>-PAID" ARRANGEMENT THAT REQUIRES EXPRESS CONDITIONAL LANGUAGE. CONDITIONS EXCUSE PERFORMANCE AND THUS MUST BE EXPLICIT."

I

{¶ 7} In his sole assignment of error, appellant claims the trial court erred in granting summary judgment to appellee. We disagree.

{¶ 8} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379,

citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶ 9}   As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 10} As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).   The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.   The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case.   Rather, the moving party must be able to specifically point to some evidence of the type listed

in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 11} In his September 25, 2020 complaint, appellant alleged a breach of contract for appellee's failure to repay his initiation fee of $30,000. As explained by this court in *Caley v. Glenmoor Country Club,* 5th Dist. Stark Nos. 2013 CA 00012 & 2013 CA 00018, 2013-Ohio-4877, ¶ 59-61:

In order to succeed on a breach of contract claim, the plaintiff must demonstrate that: (1) a contract existed; (2) the plaintiff fulfilled his obligations; (3) the defendant breached his obligations; and (4) damages resulted from this breach. *Chaney v. Ramsey,* 4th Dist. No. 98CA614, 1999 WL 217656, (Apr. 7, 1999), citing *Doner v. Snapp,* 98 Ohio App.3d 597, 600, 649 N.E.2d 42 (2nd Dist.1994).

" '[B]reach,' as applied to contracts is defined as a failure without legal excuse to perform any promise which forms a whole or part of a contract, including the refusal of a party to recognize the existence of the contract or the doing of something inconsistent with its existence."  *Natl. City Bank of Cleveland v. Erskine & Sons, Inc.,* 158 Ohio St. 450, 110 N.E.2d 598 (1953), paragraph one of the syllabus.

" 'When the facts presented are undisputed, whether they constitute a performance or a breach of a written contract, is a question of law for the court.' "  *Koon v. Hoskins,* 4th Dist. No. 95CA497, 1996 WL 30018, (Jan. 24, 1996), fn. 5, quoting *Luntz v. Stern,* 135 Ohio St. 225, 20 N.E.2d 241 (1939), paragraph five of the syllabus.

{¶ 12} As further explained by this court in *2291 Fourth LLC v. Advantage Credit Union, Inc.,* 5th Dist. Richland No. 2021 CA 0022, 2021-Ohio-4021, ¶ 25:

"Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument."  *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978) paragraph two of the syllabus.  * * * "When a term of a contract is determined to be ambiguous, then the determination of what the actual terms were becomes a question of fact."  *Lake Erie Towing v. Troike*, 6th Dist. Erie No. E-05-062, 2006-Ohio-5115, ¶13.

{¶ 13} Neither party retained a copy of the agreement signed by appellant. Attached to appellee's October 19, 2020 answer is a copy of an "Application for Membership" that appellant would have signed in 2003, along with the "Rules and Regulations of Wedgewood Golf and Country Club" in effect at the time.

{¶ 14} The application specifically states above the signature line, "I understand that upon acceptance for membership, initiation fees are not refundable."

{¶ 15} In the rules and regulations under "Membership Information," subsection B states in pertinent part:

Upon resignation of a resident or social member or withdrawal by an organization holding corporate membership, such membership shall be returned to the Club for repurchase at such times as the Board of Directors accepts from the waiting list or resells such membership to a new member designated as a replacement for such resigning member[.] The resigning golf member will be paid the amount set from time to time by the Board of Directors of the initiation fee less a transfer fee of thirty percent (30%) of such initiation fee. * * * The membership equity refund is the amount of the membership initiation fee in effect on the day that the resigning member's resignation was accepted by the Board of Directors or the membership initiation fee in effect on the day that the resigning member's membership is resold, whichever is less.

{¶ 16} In its November 12, 2020 motion for summary judgment, appellee argued pursuant to the rules, it had an obligation to refund seventy percent of the initiation fee to appellant if appellant reached the top of the "Equity Repayment List," and if a new member chose to purchase an equity membership as the repayment funds came from the new member's initiation fee. Appellee explained "[t]here have been no new members opting for the equity category of membership for many years, and thus there is no movement on that list and no funds to be used to repay former members." There are seventy-five members on the repayment list ahead of appellant. Appellee argued the two conditions are conditions precedent, and since the "conditions have never materialized," it is entitled to summary judgment on appellant's breach of contract claim.

{¶ 17} In his March 1, 2021 combined memorandum contra and motion for summary judgment, appellant argued the agreement he signed was a "pay-when-paid" contract and not a conditional "pay-if-paid" contract. In support of his argument, appellant cites the case of *Transtar Electric, Inc. v. A.E.M. Electric Services Corp.,* 140 Ohio St.3d 193, 2014-Ohio-3095, 16 N.E.3d 645, wherein the Supreme Court of Ohio explained the following at ¶ 10-11:

> Generally, there are two types of contractual provisions that establish the manner by which a general contractor pays a subcontractor for the subcontractor's work. A general contractor can make an unconditional promise to pay the subcontractor, usually within a reasonable time to allow the general contractor to be paid. An unconditional promise to pay is a pay-

when-paid payment provision. Such a promise is not dependent on or modified by the owner's nonpayment.

Alternatively, the general contractor may make a conditional promise to pay the subcontractor that is enforceable only if a condition precedent has occurred. A conditional promise to pay is a pay-if-paid payment provision. This provision requires the general contractor to pay the subcontractor only if the owner pays the general contractor. Therefore, the risk of the owner's nonpayment is transferred to the subcontractor. (Citations omitted.)

{¶ 18} In reviewing the contract before it, the *Transtar* court found the subcontractor agreed to be paid only if the general contractor was paid for the subcontractor's work because the contract specifically stated payment to general contractor was a condition precedent to subcontractor receiving payment. The contract was a "pay-if-paid" arrangement that shifted the risk of non-payment to the subcontractor. *Id.* at ¶ 24.

{¶ 19} Appellant argued the language in the agreement sub judice cited above in ¶ 15 was in no way conditional. The language did not include the words "condition precedent" or other conditional terms such as "if." Appellant argued appellee's interpretation of the agreement language shifts the risk of repayment to him. Appellant further argued if the agreement was in fact a "pay-if-paid" agreement, summary judgment was still appropriate because appellee has been paid membership fees since appellant's resignation in 2008.

{¶ 20} In its March 11, 2021 combined reply to memorandum contra and memorandum contra to motion for summary judgment, appellee cited the case of *Caley, supra,* 2013-Ohio-4877, a country club membership case wherein the equity membership initiation fee and the rules regarding repayment upon resignation were substantially similar to this case and deemed not to be unconscionable. As noted by this court in *Caley* at ¶ 63:

> This Court has followed "the well-settled principle that a person who is competent to contract and who signs a written document without reading it is bound by its terms and cannot avoid its consequences." *Hook v. Hook* (1982), 69 Ohio St.2d 234, 238, 23 O.O.3d 239, 431 N.E.2d 667. According to the Ohio Supreme Court, the "legal and commonsensical axiom that one must read what one signs survives" to this day. *ABM Farms, Inc. v. Woods* (1998), 81 Ohio St.3d 498, 503, 692 N.E.2d 574. *See, also, McAdams v. McAdams* (1909), 80 Ohio St. 232, 240–241, 88 N.E. 542 ("A person of ordinary mind cannot be heard to say that he was misled into signing a paper which was different from what he intended, when he could have known the truth by merely looking when he signed.").

*Accord Pettit v. Glenmoor Country Club,* 5th Dist. Stark No. 2013CA00108, 2014-Ohio-902.

{¶ 21} In its June 10, 2021 judgment entry granting summary judgment to appellee and denying appellant's motion for summary judgment, the trial court determined the contractual agreement between the parties included the language in both the application and in the rules and regulations. Each party relied on these two documents in support of their respective arguments. The trial court analyzed the language in the documents and the cases cited by the parties in light of their respective arguments.

{¶ 22} The trial court determined the dispute between the parties focused on whether appellee's obligations were conditional or absolute. The trial court found the language of the rules and regulations to be "unequivocally conditional" regardless of missing "condition precedent" language.

{¶ 23} The trial court determined appellee's obligation to pay appellant is conditioned on appellee either: "(1) accepting a new equity member from the waiting list or (2) selling a new membership designated as a replacement for Razi's equity membership." The trial court concluded "[t]o date, neither of those events has occurred" and therefore, appellant's breach of contract claim fails as a matter of law. Further, appellant is not at the top of the repayment list. The trial court noted appellant was correct, appellee's "payment obligation is absolute, but only upon the occurrence of the two conditions precedent. Because neither condition has occurred, Wedgewood's payment obligation has not yet arisen." The trial court addressed all of appellant's arguments. We concur with the trial court's thorough analysis on all issues. While the application clearly stated the initiation fee was not refundable, the rules provided for partial repayment in the event of certain conditions, conditions which have yet to occur.

{¶ 24} Upon review, we find genuine issues of material fact do not exist, and the trial court did not err in granting appellee's motion for summary judgment and in denying appellant's motion for summary judgment.

{¶ 25} The sole assignment of error is denied.

{¶ 26} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Wise, Earle, J.

Baldwin, P.J. and

Hoffman, J. concur.


EEW/db