OPINION
{¶ 1} The plaintiff-appellant, Brenda Voisard ("Voisard"), appeals the judgment of the Marion County Common Pleas Court granting summary judgment in favor of the defendant-appellee, Marathon Ashland Pipeline, LLC ("Marathon").
 {¶ 2} On February 26, 2004, Marathon removed four trees from Voisard's property. Marathon allegedly removed the trees to allow for aerial inspection of a pipeline, which runs across Voisard's property, and for which Marathon has an easement. The easement was granted to the Ohio Oil Company, Marathon's predecessor, by Ray and Ival Briggs, Voisard's predecessors in title, on July 7, 1952. The easement states that the Ohio Oil Company has
 the right of way to lay, maintain, operate and remove a pipe line, if the same shall be thought necessary by said grantee[.] * * * The said Grantors to fully use and enjoy the said premises except for the purposes hereinabove granted to the said THE OHIO OIL COMPANY, which hereby agrees to pay to the then lawful owner(s) any damages caused by it to growing crops or fences by the laying, erecting, maintaining, operating or removing of said pipe lines; said damages if not mutually agreed upon, to be ascertained and determined by three disinterested persons * * * .
Appellee's Br., Feb. 17, 2006, at Ex. A (emphasis added).
 {¶ 3} The following procedural history is relevant to this appeal. On March 10, 2004, Voisard filed a "verified complaint" seeking declaratory judgment and damages for conversion. Marathon filed its answer on March 17, 2004 and a motion for summary judgment on January 18, 2005. On February 15, 2005, Voisard filed a memorandum in opposition to Marathon's motion, and Marathon subsequently filed a reply. On November 23, 2005, the trial court entered declarations of the parties' rights by way of summary judgment. Voisard appeals the trial court's judgment and asserts the following assignments of error:
 The court erred in finding that a 50 ft. wide easement is reasonable on the plaintiff's property.
 The court erred in finding that damages were not due the plaintiff because the easement did not specifically include tree loss as a compensable item.
 The court erred in relying upon the movant's supporting affidavit as determinate of certain factual issues.
 {¶ 4} Contrary to Marathon's contentions, a trial court's grant of summary judgment is reviewed de novo on appeal. Lorain Nat'l Bank v.Saratoga Apts., et al. 1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Thus, such a grant will be affirmed only when there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." Civ. R. 56(C).
 {¶ 5} The moving party may file its motion for summary judgment "with or without supporting affidavits[.]" Civ. R. 56(A). However, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 526 N.E.2d 798, syllabus. Once the moving party demonstrates it is entitled to summary judgment, the burden shifts to the non-moving party to show why summary judgment is inappropriate. See Civ. R. 56(E). If the non-movant fails to respond, or fails to support its response with evidence of the kind required by Civ. R. 56(C), the court may enter summary judgment in favor of the moving party. Id. Otherwise, summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the non-movant. Murphy v.Reynoldsburg, 65 Ohio St.3d 356, 360, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 6} In her complaint, Voisard requested the trial court declare the easement invalid and void because the easement is "general in nature and allows the Defendant to exercise unlimited discretion and destruction * * * It fails to define with particularity the location of [the] pipe line on the Plaintiff's property[.]" Marathon moved for summary judgment, arguing when easements are not specific as to width, the court will define the scope by what is reasonably necessary and convenient to accomplish the purpose of the easement. The trial court granted summary judgment on this issue, and we affirm. Although the dimensions of the easement are not defined, the court will determine "the width, length, and depth from the language of the grant, the circumstances surrounding the transaction, and that which is reasonably necessary and convenient to serve the purpose for which the easement was granted. Bayes v. ToledoEdison, Co., 6th Dist. Nos. L-03-1177, L-03-1194,2004-Ohio-5752, at ¶ 69 (citations omitted). Therefore, summary judgment as to the declaratory action was appropriate.
 {¶ 7} As to the first assignment of error, Voisard urges us to rely on our opinion in Lakewood Homes, Inc. v. BP Oil, Inc., 3rd
Dist. No. 5-98-29, 1999 WL 693152, in which we held that widening the visible surface area beside a pipeline to permit aerial inspection imposed an additional burden on the servient estate. However, the issues presented in this type of case are questions of fact, which must be resolved on a case-by-case basis. See generally, Bayes, supra at ¶ 69; Crane Hallow Inc. v. Marathon Ashland Pipe Line, LLC (2000),138 Ohio App.3d 57, 67, 740 N.E.2d 328. Therefore, while we cannot merely rely on the holding in Lakewood Homes, we will also not reconsider that case as Marathon suggests.
 {¶ 8} If a contract provision is clear and unambiguous, we may not interpret its meaning. See Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, 245-246, 374 N.E.2d 146 (citations omitted). The contract provides Marathon "the right of way to lay, maintain, operate and remove a pipe line, if the same shall be thought necessary by saidgrantee[.]" Appellee's Br., at Ex. A (emphasis added). We find the language of this provision clear and unambiguous. In this case, Marathon may maintain the pipeline if it thinks the maintenance is necessary. In support of its motion for summary judgment, Marathon attached Greg Newman's ("Newman") affidavit. In the third assignment of error, Voisard argues Newman's affidavit does not meet the requirements of Civ. R. 56(E). Newman stated he has "been personally involved in the maintenance of the pipe line", the trees removed by Marathon were within 25 feet of either side of the pipeline, and "[maintaining a 50' foot right-of-way is reasonably necessary and convenient, and also necessary for aerial inspection of the pipeline. Moreover, it was necessary to remove the trees to prevent future potential damage to the pipeline." Marathon Mot. for Summ. J., Jan. 18, 2005, at Ex. C, ¶¶ 1, 3, 4. Clearly, Marathon, through its employee, thought it necessary to remove the trees in order to maintain the pipeline. Marathon asserted this argument in its motion and through Newman's affidavit. Pursuant to Civ. R. 56(A), the movant for summary judgment is not required to support its argument with affidavits; instead, the burden is on the non-movant to produce the type of evidence set forth in Civ. R. 56(C) to prevent a grant of summary judgment. See Civ. R. 56(E); Van Fossen v. Babcock Wilcox (1988),36 Ohio St.3d 100, 522 N.E.2d 489.
 {¶ 9} In this case, Voisard did not produce any evidence to dispute that Marathon, as the grantee, thought the removal of the trees was necessary. Regardless of the propriety of Newman's affidavit, we overrule the first assignment of error, and because Marathon was not required to support its motion with an affidavit, we overrule the third assignment of error.
 {¶ 10} In support of the second assignment of error, Voisard essentially contends she is entitled to damages if Marathon removed her trees pursuant to the easement. The easement states that Marathon "agrees to pay to the then lawful owner(s) any damages caused by it togrowing crops or fences by the laying, erecting, maintaining, operating or removing of said pipe lines[.]" Appellee's Br., at Ex. A (emphasis added). We have found no Ohio case law directly on point with this issue. However, giving the damages clause its plain and ordinary meaning, we find the parties did not intend to include damages for the cutting of trees or timber. See Alexander, supra at 245-246. "Growing crops" is defined as "[c]rops that are in the process of growth", and "crops" is defined as "[products that are grown, raised, and harvested. * * * Crops usu[ally] are from the soil, but fruit grown on trees are also considered crops." Black's Law Dictionary (7th ed. 1999) 383. The record contains no evidence that the trees Marathon removed were being harvested or that they were fruit bearing trees, which also distinguishes this case from our holding in LakewoodHomes, supra. Therefore, in this case, we cannot find that "growing crops" includes the trees in question, and the second assignment of error is overruled.
 {¶ 11} The judgment of the Marion County Common Pleas Court is affirmed.
Judgment affirmed.
 CUPP, J., concurs.