POMANTE et al., Appellants,

v.

MARATHON ASHLAND PIPE LINE L.L.C., Appellee.

[Cite as *Pomante v. Marathon Ashland Pipe Line L.L.C.*, 187 Ohio App.3d 731, 2010-Ohio-1823.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–653.

Decided April 27, 2010.

732

Jeffrey H. Verwohlt, for appellants.

Reminger Co., L.P.A., and Gregory D. Brunton, for appellee.

_____

CONNOR, Judge.

{¶ 1} Plaintiffs-appellants, Karen Pomante and others, the owners of 15 parcels of land, appeal the decision of the Franklin County Court of Common Pleas granting summary judgment to defendant-appellee, Marathon Ashland Pipe Line, L.L.C. For the following reasons, we reverse the decision granting summary judgment.

{¶ 2} This appeal regards a dispute over an easement to operate and maintain a pipeline. In 1944, the easement was granted to Sinclair Refining Company, before it was later assigned to appellee. The subdivision containing appellants' properties was platted in 1949. According to the record, the pipeline runs through the front yards of appellants' properties.

{¶ 3} The dispute in this matter began in January 2006 when appellee sought to remove trees in Pomante's front yard. As a result, Pomante filed a complaint and a motion for a temporary retraining order seeking to enjoin appellee from removing the trees. The parties reached an agreement to maintain the status

quo until a final determination was made on the substantive issues of the case. On August 15, 2006, Pomante's neighbors were added as parties in this matter.

{¶ 4} In December 2006 and January 2007, the parties submitted cross-motions for summary judgment. The trial court granted appellee's motion and denied appellants' motion. Appellants timely appealed and raise the following assignments of error:

FIRST ASSIGNMENT OF ERROR

The trial court's decision and Civil Rule 56.

SECOND ASSIGNMENT OF ERROR

The trial court's decision burdening the serviant [sic] estate.

THIRD ASSIGNMENT OF ERROR

The trial court's decision and application of law.

These assignments or error all present the general argument that the trial court erred by granting summary judgment. Accordingly, we will consider all three assignments of together.

{¶ 5} Appellate courts review decisions on summary-judgment motions de novo. *Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.* (1997), 122 Ohio App.3d 100, 103, 701 N.E.2d 383. We must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41–42, 654 N.E.2d 1327.

{¶ 6} Summary judgment is proper only when the party moving for summary judgment demonstrates that (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in that party's favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343. Additionally, a moving party cannot discharge its burden under Civ.R. 56 by simply making a conclusory allegation that the nonmoving party has no evidence to prove its case. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the nonmoving party has no evidence to support its claims. Id.

{¶ 7} An easement is a nonpossessory property interest in the land of another, which entitles its owner to a limited use of the servient property.

*Andrews v. Columbia Gas Transm. Corp.* (C.A.6, 2008), 544 F.3d 618, 624, citing *Alban v. R.K. Co.* (1968), 15 Ohio St.2d 229, 231, 44 O.O.2d 198, 239 N.E.2d 22. Easements may be created in one of four ways: "by grant, implication, prescription, or estoppel." *Kamenar RR. Salvage, Inc. v. Ohio Edison Co.* (1992), 79 Ohio App.3d 685, 689, 607 N.E.2d 1108, citing 36 Ohio Jurisprudence 3d (1982), Easements and Licenses, Section 18. When an easement is created by express grant, the extent and limitations of the easement depend upon the language of the grant. *Alban* at 232, 44 O.O.2d 198, 239 N.E.2d 22. When the terms are clear and unambiguous, the construction of an express easement presents an issue of law. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, paragraph one of the syllabus.

{¶ 8} The easement underlying in the instant appeal is an express easement created by grant. We therefore must first look to the grant's language, which transfers from appellants to appellee

> a right-of-way easement to lay, maintain, inspect, operate, alter, repair, replace, remove and re-lay a pipe line for the transportation of crude petroleum, gas, the products or by-products of each thereof, water, and other substances of a like or different nature, and such drips, valves, fittings, meters and other equipment and appurtenances as may be necessary or convenient for such operations for use in connection with any pipe line or pipe lines laid hereunder, over, through, upon, under and across [appellants' property].
>
> * * *
>
> Any pipe lines laid hereunder running in a westerly direction shall be laid within twenty (20) feet of the southerly line of the premises herein described.

Finally, the grant provides appellee with "all rights of ingress, egress, and regress, to, over, upon, through and from said land necessary or convenient for the full and complete use by [appellee] of the said right-of-way easement."

{¶ 9} In this appeal, appellants argue that the easement's dimensions are defined by the phrase "within twenty (20) feet" in the grant. Conversely, appellee argues that this phrase specifies the location, rather than the dimensions of the easement. We agree with appellee's interpretation of the grant's language. The geographic location where the pipeline must be placed does not limit the easement's dimensions to that specific area. Therefore, although the pipeline's geographic location was specified in the grant, we find that the easement's dimensions were undefined.

{¶ 10} "[W]hen the intended dimensions of an easement are not expressed in the grant itself, determining the dimensions becomes largely a question of fact * * *." *Crane Hollow, Inc. v. Marathon Ashland Pipe Line, L.L.C.* (2000), 138 Ohio App.3d 57, 67, 740 N.E.2d 328. In these circumstances,

the easement's dimensions may be established by use and acquiescence. Id. at 67, 740 N.E.2d 328, citing *Munchmeyer v. Burfield* (Mar. 26, 1996), 4th Dist. No. 95CA7, 1996 WL 142579. Additionally, the dimensions may be determined based upon the language of the grant, the circumstances surrounding the transaction, and that which is reasonably necessary and convenient to serve the purpose for which the easement was granted. *Voisard v. Marathon Ashland Pipe Line, L.L.C.,* 3d Dist. No. 9–05–49, 2006-Ohio-6926, 2006 WL 3803868, citing *Bayes v. Toledo Edison Co.,* 6th Dist. No. L–03–1177, 2004-Ohio-5752, 2004 WL 2426234, ¶ 69; see also *Crane Hollow* at 67, 740 N.E.2d 328; *Thomas v. Columbus* (1987), 39 Ohio App.3d 53, 56, 528 N.E.2d 1274; *Rueckel v. Texas E. Transm. Corp.* (1981), 3 Ohio App.3d 153, 3 OBR 172, 444 N.E.2d 77; *H&S Co., Ltd. v. Aurora,* 11th Dist. No. 2003–P–0104, 2004-Ohio-3507, 2004 WL 1486794; *Phoenix Concrete, Inc. v. Reserve–Creekway, Inc.* (1995), 100 Ohio App.3d 397, 654 N.E.2d 155. If, however, an easement's dimensions have been established by use and acquiescence, then the easement holder will be "estopped from asserting that different dimensions are reasonably necessary or convenient." *Crane Hollow* at 68, 740 N.E.2d 328. Indeed, the Fourth Appellate District has held:

> [I]n pipeline easement cases where the owners of the servient estates prove that the pipeline owner acquiesced to mature trees growing within fifty feet of the pipeline, Ohio courts have held that: (1) the pipeline easement was established by the tree growth, and (2) the easement owner was estopped from asserting that a wider easement was reasonably necessary or convenient.

Id., citing *Lakewood Homes v. BP Oil, Inc.* (Aug. 26, 1999), 3d Dist. No. 5–98–29, 1999 WL 693152; *Ashland Pipe Line Co. v. Lett* (Apr. 11, 1990), 5th Dist. No. CA–942, 1990 WL 52505.

{¶ 11} In the instant matter, the trial court followed *Voisard* and found that there were no genuine issues of material fact regarding whether a 50-foot easement was reasonably necessary and convenient to inspect, maintain, and operate the pipeline. On appeal, appellants argue that *Voisard* is distinguishable and should not control this matter. Appellants further argue that the decision to widen the easement to 50 feet constitutes a substantial increase in the burden on their servient estates.

{¶ 12} On the other side, appellee argues that it provided undisputed evidence to the trial court that a 50-foot easement was reasonably necessary and convenient for it to inspect, maintain, and operate the pipeline. Appellee argues that its aerial inspections result from the natural progression in the normal maintenance and operation of the pipeline. Further, appellee cites cases in which courts have consistently upheld 50-foot easements for pipelines. Appellee also argues that it has an implied right to operate and maintain the pipeline in accordance with federal law, which requires appellee to visually inspect the 6,000 miles of

pipeline 26 times per year with no more than 21 days between each inspection. Finally, appellee argues that it must have a 50-foot easement to permit sufficient access to the pipeline in the event of a potential emergency.

{¶ 13} The trial court resolved this matter by granting summary judgment. Although *Voisard* reached the Third Appellate District in the same manner, the breadth of the easement in *Voisard* exceeds that of the easement at issue herein. Again, in the instant matter, appellee was assigned an easement to "lay, maintain, inspect, operate, alter, repair, replace, remove and re-lay a pipe line * * * and such drips, valves, fittings, meters and other equipment and appurtenances as may be necessary or convenient." Conversely, in *Voisard,* the grant conferred "the right of way to lay, maintain, operate and remove a pipe line, if the same shall be thought necessary by [the easement owner]." *Voisard,* 2006-Ohio-6926, 2006 WL 3803868, at ¶ 8. In *Voisard,* the Third Appellate District noted that the easement owner thought that the removal of trees was necessary to maintain the pipeline. Indeed, there was evidence demonstrating that undisputed fact. Id. Therefore, under the express terms of the grant, the trial court granted the easement owner summary judgment, which was affirmed on appeal. Id. at ¶ 11. In the instant matter, however, the language that formed the basis for the summary judgment in *Voisard* is notably absent. As a result, we find the instant matter to be distinguishable from *Voisard.*

{¶ 14} After our de novo review of the record, we find that genuine issues of material fact exist with regard to the dimensions of the easement. We must first note the broad generalizations advanced through the three affidavits supporting appellee's motion for summary judgment. In the affidavit of Scott Baumgardner, he averred, "Large mature trees within 25 feet of the centerline of the pipeline will hinder [appellee's] ability to obtain immediate access." He further stated, "Large mature trees directly over the line or within a few feet of the line also pose a potential danger" because the tree roots can damage the pipeline or wrap around the pipeline. Similarly, the affidavit of Greg Newman stated, "[L]arge mature trees within 25 feet of the center of the pipeline prevent the necessary equipment * * * from entering onto the right of way to dig up the pipeline * * * in case of emergency." Finally, the affidavit of Rick Vincent stated that "trees within 25 feet of the centerline of a pipeline hinder aerial inspection. The canopy of such trees prevents visual access."

{¶ 15} Clearly, appellee's affidavits offer no evidence pertaining to the specific portion of the pipeline running through appellants' properties, nor is there any mention of the specific trees located thereon. Rather, appellee simply provides broad averments regarding what it believes is reasonably necessary and convenient.

{¶ 16} On the other side, appellants offered the affidavit of Pomante, in which she averred:

3.   My property has large mature trees and other landscaping between the front of my dwelling and the street known as Strimple.

4.   On or about January 13th 2006, Defendant or [Defendant's] representative marked the trees in my front yard for removal.

* * *

10.   I have owned the property herein since December 1978[,] and the trees were mature at the time I purchased.

{¶ 17} We believe that the foregoing evidence demonstrates genuine issues of material fact regarding the use and acquiescence associated with the easement. See *Crane Hollow*, *Munchmeyer*, *Lakewood*, and *Lett*.   Although the record fails to demonstrate the precise location of the trees, we see no reason to require that. Indeed, based upon Pomante's affidavit in addition to the underlying basis for this lawsuit, appellee sought to remove the mature trees on appellants' properties.   Therefore, the trees on appellants' properties are presumably within the 50-foot area at issue.   Their precise location is immaterial to the instant analysis.

{¶ 18} Again, while it is true that an undefined easement's dimensions may be determined based upon what is reasonably necessary and convenient, an easement owner may be estopped from presenting this argument in circumstances in which use and acquiescence demonstrate otherwise.   See *Crane Hollow*, 138 Ohio App.3d at 67, 740 N.E.2d 328.   We see these theories as two sides of the same coin.   In some instances, however, actions may speak louder than words.

{¶ 19} Therefore, although appellee argues that its evidence was uncontroverted, we believe that Pomante's affidavit provides a sufficient factual dispute on the determinative issue.   As we see it, the inescapable issue raised in the record is: Has appellee used its easement in a manner inconsistent with its current argument that a 50-foot easement is reasonably necessary and convenient? Despite appellee's argument that its evidence was uncontroverted, this issue remains and must be resolved by the trier of fact.   Although appellee notes that the federal regulations concerning pipelines changed in 2001 and now place greater burdens on pipeline owners, appellee presumably conducted hundreds of weekly inspections from 2001 through early 2006, when it sought to remove the trees.   Again, given these circumstances, should appellee now be permitted to argue that the removal of the trees is reasonably necessary and convenient?

{¶ 20} With this decision, in no way do we suggest that the presence of mature trees determines this action.   Instead, we find that the trier of fact must determine whether the easement's dimensions have been established through use

and acquiescence, so that appellee may or may not be permitted to assert that a 50-foot easement is reasonably necessary and convenient to inspect, maintain, and operate the pipeline. Indeed, when the dimensions of an easement are undefined in the grant, determining the dimensions largely presents issues of fact to be determined on a case-by-case basis. See *Voisard*; *Bayes*; *Crane Hollow*; *Lakewood Homes*; *Lett*; see also *Murray v. Lyon* (1994), 95 Ohio App.3d 215, 642 N.E.2d 41.

{¶ 21} The dissent questions the evidentiary basis supporting our decision. Specifically, the dissent expresses concern over the specificity of appellant's affidavit and ultimately disagrees with our conclusion that Pomante's affidavit creates genuine issues of material fact. However, we have the same concerns with regard to appellee's evidence.

{¶ 22} It is appellee that chose to pursue summary judgment on the theory of what is reasonably necessary and convenient. Appellee advanced this theory in spite of the fact that mature trees exist on appellants' properties. Further, unlike the easement owner in *Crane Hollow*, appellee offered no evidence or explanation reconciling the existence of the mature trees with what it now argues is reasonably necessary and convenient. Additionally, appellee's evidence makes no mention of the specific trees in or around the particular portion of the pipeline running through the 15 parcels involved in this matter. Rather, it simply makes broad generalizations regarding trees, roots, and canopies. In this regard, we are unwilling to uphold a summary judgment based upon a lack of specificity when appellee itself has provided nothing but generalizations.

{¶ 23} Based upon the foregoing, we find that the trial court erred by granting summary judgment. Accordingly, we sustain appellant's first, second, and third assignments of error and remand the matter for proceedings consistent with this decision. Furthermore, because our decision leaves the merits of this matter unresolved and based upon the agreed judgment entry filed on April 18, 2006, we deny as moot appellants' motion to extend the stay, filed July 10, 2009. Finally, because appellants have submitted evidentiary materials without complying with the Ohio Rules of Appellate Procedure, we grant appellee's motion to strike, filed October 13, 2009.

> Judgment reversed
> and cause remanded;
> motion to extend stay denied;
> and motion to strike granted.

KLATT, J., concurs.

FRENCH, J., dissents.

FRENCH, Judge, dissenting.

{¶ 24} I respectfully disagree with the majority's conclusion that questions of fact remain regarding the use and acquiescence of the easement. In the trial court, appellants moved for summary judgment, arguing that no questions of fact remained with respect to the established easement of 20 feet from the southerly border of the original plat. Specifically, appellants argued that "past use, location of mature trees, the fact that the easement holder cannot increase the burden upon the servient estate for a new use, and the original intent of the parties" all established a 20-foot easement.

{¶ 25} In support of their motion and their memorandum opposing appellee's motion, appellants offered one affidavit. In it, one homeowner stated that her "property has large mature trees and other landscaping between the front of" her dwelling and Strimple Avenue. She has owned her property since 1978, and "the trees were mature" at that time. She also states that the pipeline is within five feet of the southern border of her property and that "[t]he trees are not within the right of way granted to" appellee.

{¶ 26} The remaining factual issue, according to the majority, is appellee's use of the easement and its acquiescence in an easement of less than the 50 feet it proposes. The affidavit offers no evidence on that issue. Appellants do not, for example, provide evidence that appellee has a history of trimming a smaller area than that requested. Compare *Ashland Pipe Line Co. v. Lett* (Apr. 11, 1990), 5th Dist. No. CA–942, 1990 WL 52505 (concluding that subsequent use of the property showed that the utility did not intend to use the full 50 feet, in part because clearance of 25 feet was evident). And as to use of the easement on or near the other plaintiffs' properties, we know nothing at all.

{¶ 27} But even if we were to infer that appellee has taken no action to trim trees on the affiant's property or to otherwise enforce the easement since 1978, that should not be enough to defeat summary judgment. The fact that appellee "did nothing, without more, is not fatal. Although the terms of an easement may be determined by subsequent use and acquiescence, they can be determined in different ways as well." *Andrews v. Columbia Gas Transm. Corp.* (C.A.6, 2008), 544 F.3d 618, 625.

{¶ 28} Here, appellee offered unrebutted evidence that a 50–foot easement was reasonably necessary or convenient to inspect, maintain, and operate the pipeline. Although appellants stated in their motion that "[a]n aircraft flying at an altitude of 150 feet * * * would not have any trouble spotting an opening of only a few feet to detect any type of seepage to the surface," appellants offered no support for that assertion. Nor did they offer evidence to show that the trees in affiant's yard, or on the other plaintiffs' properties, would not interfere with repair of the pipeline, should repair become necessary.

{¶ 29} For all these reasons and the reasons stated in the trial court opinion, I would conclude that appellee has a 50–foot easement and affirm the judgment of the trial court.   Therefore, I dissent from the majority's contrary conclusion.